388 P.2d 166

**Josephine BENNETT, d/b/a Bennett's Nursery, Petitioner,**

**v.**

**The ARIZONA STATE BOARD OF PUB-LIC WELFARE and David M. Solomon, M. D., Chairman, and Paul G. Rees, Jr., Charles P. Neumann, M.D., Dix W. Price and Vincent L. Taylor, Members thereof, and Fen Hildreth, Arizona State Commissioner of Public Welfare, Respondents.**

No. 7345.

Supreme Court of Arizona.

En Banc.

Dec. 27, 1963.

Rehearing Denied Jan. 28, 1964.

Johnson, Walton & Mills, by John Wm. Johnson and J. M. Abbey, Tucson, for petitioner.

Robert W. Pickrell, Atty. Gen., and Philip M. Haggerty, Asst. Atty. Gen., for respondents.

STRUCKMEYER, Justice.

This action was commenced in this Court as an original petition for certiorari to examine a decision of the State Board of Public Welfare denying petitioner a license to operate a child's care nursery. Jurisdiction was accepted on the authority of Findlay v. Board of Supervisors, 72 Ariz. 58, 230 P.2d 526, 24 A.L.R.2d 841.

For some years prior to 1957, petitioner operated a nursery in Tucson, Arizona. In that year, the legislature enacted Chapter 85, Laws of 1957, now A.R.S. § 8–601 et seq. The act provides for the licensing by the State Department of Public Welfare of agencies maintaining facilities for care, supervision and training of children under the age of sixteen years. However, the legislature did not appropriate funds for the implementation of the act until 1960. By the act, A.R.S. § 8–602, existing child care agencies were given ninety days within which to make application for a license. Petitioner duly applied for a license. She was told by telephone and later by letter dated March 1, 1961, that the department had refused her application. Petitioner then requested a hearing before the State Board of Public Welfare to examine into the reason for the denial of her applica-

tion for a license. On March 28, she received a letter which, in part, stated that the act did not provide for a hearing and therefore none would be given. Notwithstanding, petitioner attended the next scheduled meeting of the Board but she was refused the opportunity to establish that she conducted her child's nursery within the standards fixed by the legislature.

Petitioner next sought by way of mandamus in the Superior Court of Pima County to compel the issuance of a license. However relief there was denied. She appealed to this Court by way of certiorari to determine the constitutionality of the statute under which the Welfare Board acted, contending that the act was in violation of Article II, § 4, the due process clause of the Arizona Constitution, A.R.S.

 In this petitioner is correct. Article II, § 4 of the Arizona Constitution provides:

"No person shall be deprived of life, liberty, or property without due process of law."

This section is the corollary to the first clause of the 14th Amendment of the United States Constitution. Its purpose is to preserve personal and property rights against arbitrary action of public officials. 1 Am. Jur.2d Administrative Law, § 148.

Chapter 85 requires that the State Department of Public Welfare shall license individuals engaging in those businesses coming within the legislative definition of "child care agencies" and provides that the State Department of Public Welfare in cooperation with the Department of Public Health shall prescribe reasonable rules, regulations and standards for conducting such agencies. The act does not provide for a hearing to determine if the State Board has acted arbitrarily and capriciously in denying an applicant a license. Hence no opportunity is afforded an applicant to meet or rebut evidence so as to establish compliance and conformity with the standards of care prescribed. Nor is petitioner given a remedy by judicial review of the department's administrative decision. A.R. S. § 12–902 specifically excepts from a review the decision of the State Department of Public Welfare.

 We observe, as did the United States Supreme Court, that the multiplication of administrative agencies and the expansion of their functions to include adjudications which have serious impact on prior rights has been one of the dramatic legal developments of the past one-half century. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616. While a state may bestow upon an administrative officer or administrative agencies the duty to protect the public health, safety and welfare by examining into the fitness of an individual to engage in an occupa-

tion, it cannot exclude such person from any occupation in a manner or for reasons that contravene the due process clause of the 14th Amendment. Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796.

■ It is too well settled, to permit any argument to the contrary, that procedural due process requires petitioner be given an opportunity to be heard upon the matters which the Board of Welfare acted in denying a license. See Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494. Petitioner must be given notice of time and place of hearing, a reasonable definite statement of the grounds for denial of her application, the right to produce witnesses in her own behalf, the right to examine witnesses who testify against her and a full consideration and a fair determination according to the evidence by the body before whom the hearing is had. Forman v. Creighton School District, 87 Ariz. 329, 351 P.2d 165.

We recently decided in a case where the Board of Pardons and Paroles had the statutory duty to pass upon and recommend reprieves, commutations and pardons that upon timely application a prisoner must be permitted a hearing at which he may produce evidence to establish extenuating or mitigating circumstances justifying a commutation. McGee v. State Board of Pardons and Paroles, 92 Ariz. 317, 376 P.2d

779. The principle here is the same and for the same obvious reasons which controlled the decision there. It is unnecessary to decide whether the requirements of due process would have been satisfied without a hearing by the State Board if petitioner were given a de novo judicial review. Cf. Columbia Auto Loan v. Jordan, 90 U.S.App. D.C. 222, 196 F.2d 568. It is enough to say that petitioner had neither the opportunity for a hearing at the administrative level nor for a hearing in a court of law. Chapter 85 is fatally defective as a plain denial of due process of law.

The Attorney General, responding for the State Board of Public Welfare, has requested this Court to direct that the department make a further investigation and if petitioner's application is again denied that she be given a hearing by the Board in conformity to our decision in Forman v. Creighton School District, supra. We feel that this act cannot be so readily saved. The legislative intent is plain. No hearing was intended. By paragraph A of A.R.S. § 8–607, the State Department of Public Welfare is authorized to suspend or revoke the license of any child care agency by notice of suspension or revocation and to conduct a public hearing before the State Board of Public Welfare at which the license holder is given the right to present testimony and confront witnesses. We cannot conclude that the same right was inadvertently denied to one who applied for a

license and therefore must conclude that the omission was deliberate. We hold the entire act is unconstitutional under Article II, § 4 of the Arizona Constitution.

The order of this Court heretofore issued to the respondents State Board of Public Welfare and Fen Hildreth, Commissioner of Public Welfare, staying all further proceedings against petitioner is made permanent.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.