Louis Weiner et al., appellants, v. State of Nebraska, Department of Roads, appellee.

137 N. W. 2d 852

Filed November 12, 1965.   No. 35957.

Alfred A. Fiedler, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., and George W. Venteicher, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Brower, and McCown, JJ.

SPENCER, J.

The sole question involved herein is the propriety of the dismissal of appellants' appeal from a condemnation award. The district court dismissed the appeal for lack of jurisdiction for the reason that notice of appeal was not filed within the statutory time.

The board of appraisers filed its return April 18, 1963. It is undisputed no written notice was given to appellants of its filing. Appellant Louis Weiner and appellants' attorney had appeared at the hearing before the board of appraisers. Appellants filed their notice of appeal June 14, 1963, and filed their transcript of appeal in the district court June 26, 1963. Their petition was filed July 31, 1963.

Section 76-715, R. R. S. 1943, provides as follows: "Either condemner or condemnee may appeal from the assessment of damages by the appraisers to the district court of the county where the petition to initiate proceedings was filed. Such appeal shall be taken by filing a notice of appeal with the county judge within thirty days from the date of filing of the report of appraisers as provided in section 76-710." The notice of appeal herein was filed almost 1 month after the statutory time had expired.

It is appellants' contention that written notice to appellants of the filing of the award is an essential element in the proceeding and that time for appeal does not commence to run until they have received such notice. Appellants also contend that to hold otherwise is a violation of the due process clause of the United States Constitution, Amendment XIV, section 1, as well as of the Constitution of Nebraska, Article I, section 3. We answer this last contention by saying that due process is satisfied by the original notice, that of the hearing before the board of appraisers.

Due process is generally understood to mean the right to a fair hearing before some tribunal having jurisdiction to determine the controversy in question. Albin

v. Consolidated School Dist., 106 Neb. 719, 184 N. W. 141. See, also, Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865. This means in a condemnation case that the owner is entitled to such notice of the proceedings as will give him an opportunity to be heard upon the questions involved. It does not require notice of the rendition of the award. In passing, we might observe that an appeal is not necessary to due process. Chicago, B. & Q. R. R. Co. v. Headrick, 49 Neb. 286, 68 N. W. 489. See, also, Dohany v. Rogers, 281 U. S. 362, 50 S. Ct. 299, 74 L. Ed. 904, 68 A. L. R. 434, which held: "The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he may neither claim a right to trial by jury nor a right of appeal. Its requirements are satisfied if he has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it."

While Article I, section 24, Constitution of Nebraska, guarantees the right to be heard in all civil cases in the court of last resort, that guarantee is dependent upon its exercise in strict conformity to law. In this case that would mean the filing of the notice of appeal within 30 days from the date of the filing of the report of appraisers.

Appellants rely on section 25-1301, R. R. S. 1943, covering civil practice in district court defining a judgment, its rendition, and its entry, and on section 25-1301.01, R. R. S. 1943, requiring the clerk of the court to mail certain notices within 3 days after the rendition of the judgment, to sustain their position.

Without considering the applicability of these statutes to county courts, it is clear they have no applicability to proceedings in eminent domain until they reach the district court. In Lane v. Burt County Rural Public Power Dist., 163 Neb. 1, 77 N. W. 2d 773, we held

that condemnation proceedings become a judicial proceeding only when appealed to the district court, and the appointment of freeholders to assess damages does not constitute the proceeding a matter instituted and pending in the county court. The power conferred upon a county judge by the eminent domain act and the duties required of him by that act are not judicial powers and duties but are purely ministerial in character.

Appellants argue that an award is void unless a proper method of notification is employed, and urge three Nebraska cases for our consideration. These cases state the law of this jurisdiction but none of them have any applicability herein because they all involve the question of whether or not the parties were given notice of hearing and had an opportunity to be heard. Our law is clear that a judgment is void unless a reasonable method of notification is employed and a reasonable opportunity to be heard is afforded to the persons affected. That, however, is not the situation before us. In the instant case, appellants were given notice of the hearing and appeared before the board of appraisers with able counsel. This satisfied the requirement of due process. Section 25-1301.01, R. R. S., 1943, has no applicability to the filing of the report of the appraisers with the county judge.

Appellants failed to file their notice of appeal within the time limited. The district court did not acquire jurisdiction to consider the appeal, the motion to dismiss was properly sustained, and the judgment is affirmed.

AFFIRMED.