446 P.2d 240

William Daniel **ALLEN**, Appellant,

v.

John O. **GRAHAM**, Commissioner for the Department of Public Welfare, State of Arizona, Appellee.

No. 2 CA–CIV 517.

Court of Appeals of Arizona.

Oct. 23, 1968.

Rehearing Denied Nov. 27, 1968.

Review Denied Dec. 24, 1968.

Anthony B. Ching, Tucson for appellant.

Darrell F. Smith, Atty. Gen., by Peter Sownie, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Judge.

The appellant, plaintiff in the trial court, made application for Old Age Assistance under A.R.S. § 46–251 et seq., to the De-partment of Public Welfare in Pima County, Arizona, in June, 1967. The application was denied whereupon the plaintiff appealed to the State Department of Public Welfare in accordance with the provisions of A.R.S. § 46–205, as amended. A hearing thereon was duly held, and the State Department denied the application.

The plaintiff thereafter commenced an action in superior court, Pima County, seeking (1) review of the Welfare Department decision, and (2) a judgment declaring A.R.S. § 12–902, subsec. A to be unconstitutional because of exclusion of the Department of Public Welfare from its operation. The Welfare Department responded by a motion to dismiss challenging the court's jurisdiction to review the welfare decision and asserting additionally that the complaint failed to state a claim for relief. The motion to dismiss was granted, judgment of dismissal duly entered thereon, and this appeal followed.

The appellant poses the following questions: (1) Does the superior court have jurisdiction to review an administrative decision of the Department of Public Welfare? (2) Are extraordinary writs available to review such administrative decisions? (3) Is A.R.S. § 12–902, subsec. A unconstitutional?

A.R.S. § 12–901 et seq., provide for judicial review of "a final decision of an administrative agency." However, decisions of the State Department of Public Welfare are specifically expected therefrom. A.R.S. § 12–902, subsec. A. Judicial review of administrative decisions is not a matter of right except when authorized by law. Roer v. Superior Court, 4 Ariz.App. 46, 417 P.2d 559 (1966) and cases cited therein. In view of the exception of the State Department of Public Welfare from the Judicial Review Act, the appellant had no *right* of review thereunder. Bennett v. Arizona State Board of Public Welfare, 95 Ariz. 170, 172, 388 P.2d 166 (1963). Nor does the Act creating that administrative agency or any other Act provide for judicial review of its decisions. There being

no "positive enactment of law", *Roen*, supra, the appellant had no *right* to judicial review of the welfare agency's denial of Old Age Assistance. The trial court apparently concluded, and correctly so, that judicial review was foreclosed.

Appellant appears to question the availability of extraordinary remedies as a means of judicial review of welfare agency decisions and then argues that even if available, he is not afforded the same scope of review as provided in the Judicial Review Act. That a remedy by certiorari proceedings may be available is indicated by Bennett v. Arizona State Board of Public Welfare, supra. One Law Review writer has opined that the provisions of the Judicial Review Act are "complementary to prerogative writs and equitable remedies (when those methods of review are not specifically made applicable to any agency's decisions)".[1] The same author has recently indicated that "mandamus and certiorari are the twin pillars of the common law of judicial control of administrative agencies."[2] We need not, however, address ourselves to the availability of extraordinary relief since such relief was not sought below in this case. Appellate review is circumscribed by the posture of the case in the lower court. In re Taylor's Estate, 5 Ariz. App. 144, 424 P.2d 186 (1967). An appellate court, no more than a trial court, can act as a "fountain of legal advice." See, Connolly v. Great Basin Insurance Co., 6 Ariz.App. 280, 431 P.2d 921 (1967).

The appellant additionally sought a declaration that A.R.S. § 12–902, subsec. A is unconstitutional, as being in contravention of Art. 2 § 4, and Art. 6 § 1 of the Arizona Constitution, A.R.S. and the due process and equal protection clauses of the 14th Amendment to the United States Constitution. By granting the motion to dismiss, the trial court in effect decided the claim of unconstitutionality adversely to the

appellant. See, Roberts v. Spray, 71 Ariz. 60, 223 P.2d 808 (1950); Iman v. Southern Pacific Co., 7 Ariz.App. 16, 435 P.2d 851 (1968).

The appellant contends that if A.R.S. § 12–902, subsec. A is construed, as we have done, to bar judicial review, then such is an infringement on the constitutional principle of separation of powers and unlawfully delegates judicial powers to the Welfare Board. This contention is best answered by the following language of our Supreme Court in Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870 (1941):

"Courts frequently use the phrases 'judicial' power and 'quasi-judicial' power indiscriminately and inaccurately. We think that the vital difference between the two is that 'judicial' power, strictly speaking, is vested only in a court. [Citations omitted] When, however, the power to hear and determine whether a certain state of facts which requires the application of a law exists is committed to an administrative or executive officer, although the particular power may be identical with one which is also exercised by a court, it is, strictly speaking, not 'judicial' but 'quasi-judicial' power. [Citations omitted]

We think the term 'judicial' powers as used in constitutional provisions like sec. 1, art. 6 of our Constitution, on both reason and authority, includes only those powers which as a matter of law can be conferred only upon courts as such, and does not include the power to hear and determine facts and apply the law thereto which has been conferred on administrative or executive officers acting in the proper exercise of the duties imposed upon them by law. * * *" 57 Ariz. at 245–246, 112 P.2d at 873.

The court held that the conferring upon an administrative body of quasi-judicial

1. Davis, An Administrative Procedure Act for Arizona, 2 Ariz.L.Rev. 17, 30 (1960).

2. Davis, Arizona Administrative Mandamus, 9 Ariz.L.Rev. 1 (1967), quoting from L. Jaffe, Judicial Control of Administrative Action 176 (1965).

powers is not violative of Art. 6 § 1, Arizona Constitution, and that the question of whether the administrative body had exceeded its jurisdiction in applying such powers was reviewable by certiorari. We find no violation of the separation of powers principle.

■■ The State has no common law or constitutional duty to support its poor. Division of Aid for the Aged, etc., v. Hogan, 143 Ohio St. 186, 54 N.E.2d 781 (1944); Beck v. Buena Park Hotel Corp., 30 Ill.2d 343, 196 N.E.2d 686 (1964). Aid to needy persons is solely a matter of statutory enactment. In re O'Donnell's Estate, 253 Iowa 607, 113 N.W.2d 246 (1962); Williams v. Shapiro, 4 Conn.Cir. 449, 234 A.2d 376 (1967).

■ ■ Pension and relief programs not involving contributions to specific funds by the actual or prospective beneficiaries provide only a voluntary bounty. Senior Citizens League v. Dept. of Social Security, 38 Wash.2d 142, 228 P.2d 478 (1951). Recipients or applicants have no inherent or vested right in the public assistance they are receiving or desire to receive. 16 C.J.S. Constitutional Law § 245; Senior Citizens League v. Dept. of Social Security, supra; Smith v. King, 277 F. Supp. 31 (M.D.Ala.1967), probable jurisdiction noted, 390 U.S. 903, 88 S.Ct. 821, 19 L.Ed.2d 869; see also, Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). The term "property" as used in the due process clause refers to vested rights. It has no reference to mere concessions or privileges which a State may control and bestow or withhold at will. Senior Citizens League v. Dept. of Social Security, supra; 16A C.J.S. Constitutional Law § 599 c.[3]

■ ■ Appellant appears to take the position that a *right* of appeal is essential to due process of law. Due process is not necessarily judicial process, Reetz v. People of State of Michigan, 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563 (1903), and a *right* of appeal is not essential to due process of law. Inland Navigation Co. v. Chambers, 202 Or. 339, 274 P.2d 104 (1954); Board of Education, etc. v. County Board of School Trustees, 28 Ill.2d 15, 191 N.E.2d 65 (1963); In re Durant Community School District, 252 Iowa 237, 106 N.W.2d 670 (1960); Commonwealth, Dept. of Highways v. Fister, 376 S.W.2d 543 (Ky. 1964); Weiner v. State Dept. of Roads, 179 Neb. 297, 137 N.W.2d 852 (1965); Real Estate Commission v. McLemore, 202 Tenn. 540, 306 S.W.2d 683 (1957); Beck v. Missouri Valley Drainage District of Holt County, 46 F.2d 632, 84 A.L.R. 1089 (8th Cir. 1931); Reetz v. People of State of Michigan, supra.

■ Appellant argues that, notwithstanding welfare benefits are mere gratuities, access to the courts via a *right* of appeal is a constitutional requisite. We do not agree. Welfare benefits are grants by the legislature which has delegated to the Department of Public Welfare the power to determine the recipients of such grants. Under such circumstances, i. e., when the state creates rights in individuals against itself, it is not bound to provide a remedy in the courts and may withhold all remedy or it may provide an administrative remedy and make it exclusive, however mistaken its exercise. Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561 (1936); United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919); Blanc v. United States, 140 F.Supp. 481 (E.D.N.Y.1956).

We are cognizant of the recent decisions which require that a state, having undertaken to provide a statutory program of assistance, must do so in conformity with constitutional mandates. See, Thompson

---

3. In the case of Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367 (1960), the Supreme Court of the United States declined to engraft upon the Social Security system a concept of "accrued property rights". A person covered by the Social Security Act was not considered to have such a "right" in benefit payments as would make every defeasance of "accrued" interest violative of the due process clause of the Fifth Amendment.

v. Shapiro, 270 F.Supp. 331 (Conn.1967); Green v. Dept. of Public Welfare of the State of Delaware, 270 F.Supp. 173 (Del. 1967); Smith v. Reynolds, 277 F.Supp. 65 (E.D.Pa.1967), probable jurisdiction noted, 390 U.S. 940, 88 S.Ct. 1054, 19 L.Ed. 2d 1129; Smith v. King, supra; Harrell v. Tobriner, 279 F.Supp. 22 (D.C.1967), probable jurisdiction noted, 390 U.S. 940, 88 S. Ct. 1053, 19 L.Ed.2d 1129. However, in each of these cases, a constitutional infirmity was found to exist because the statutory scheme for determining eligibility for benefits was predicated upon an arbitrary classification. These decisions are therefore inapposite here where no attack is directed to the constitutionality of the statutory program of assistance.

We cannot agree with appellant that the State, in excluding decisions of the Welfare Department from the Judicial Review Act, has indulged in the "invidious discrimination" proscribed by the Equal Protection Clause of the 14th Amendment. Equal protection does not require absolute equality. State v. Superior Court, 2 Ariz. App. 458, 409 P.2d 742 (1966). In addition to funds granted to this State by the federal government for welfare purposes, a sum amounting to almost fifteen million dollars has been appropriated by the state legislature this year for the Department of Public Welfare.[4] Apart from the sums expended for administration, these monies are expended for Aid to the Blind, Direct Relief, Aid to Dependent Children, Foster Home Care, Old Age Assistance, Public Assistance Services, Medical Assistance for the Aged, and Unallocated Assistance. When assistance is granted to an applicant, the award is binding until changed, modified, suspended, discontinued, or until the death of the recipient. A.R.S. § 46–204, subsec. C, 15 A.R.S., as amended. An applicant for assistance is afforded a "right" of review within the administrative hierarchy. A.R.S. § 46–205, 15 A.R.S., as amended. Under such circumstances, we fail to see how the action of the State, in withhold-

ing an absolute review from the objects of its bounty, is arbitrary and unreasonable.

Finding no error in the trial court's refusal to grant the requested relief, the judgment is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

---

4. General Appropriation Act, Laws 1968, Ch. 206, subdivision 44.