IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | |
|---|---|
| THE STATE OF ARIZONA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) 2 CA-SA 2008-0078 |
| HON. DEBORAH BERNINI, Judge of | ) DEPARTMENT A |
| the Superior Court of the State of | ) |
| Arizona, in and for the County of Pima, | ) O P I N I O N |
| | ) |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) |
| ERICA LEA DAUGHTERS-WHITE; | ) |
| SEAN AARON JOHNSON; JOHN | ) |
| CLIFTON LIVINGSTON; MYRON | ) |
| MONTANA; HILDA ALDAY; JONI | ) |
| MARI LUJAN; JUAN CARLOS | ) |
| RODRIGUEZ; CRISTAL MIKESELL; | ) |
| JAMES FREEMAN; MARTIN LEE | ) |
| HULETT, JR.; JOHNNIE WILLIE | ) |
| TREADWAY; ARLENE KANDIS | ) |
| TONEY; JAMES BRADLEY | ) |
| BROWNING; JUSTIN JEFFREY | ) |
| STEVENS; ROMEO ALONSO | ) |
| RODRIGUEZ; EVERETT MORGAN | ) |
| RUBIO; RICKY JOSEPH WILLIAMS; | ) |
| BELINDA MARIE SANCHEZ; JARED | ) |
| SHERER; LAURA JEAN ROWELL; | ) |
| MATTHEW FILIP; STEVEN | ) |
| ANTHONY BONIN; RYAN A. | ) |
| BRAYFIELD; KASEY LACH; AARON | ) |
| C. TRITSCHLER; and MARTIN | ) |
| HENRY SANDERS; | ) |
| | ) |
| Real Parties in Interest. | ) |
| | ) |

Pima County Cause Nos. CR-20071798, CR-20072680, CR-20070902, CR-20071499, CR-20071561, CR-20073079, CR-20073256, CR-20073391, CR-20073480, CR-20073727, CR-20073946, CR-20074048, CR-20074156, CR-20074301, CR-20074655, CR-20074805, CR-20074875, CR-20080057, CR-20080301, CR-20080687, CR-20080812, CR-20080849, CR-20080876, CR-20081388, CR-20082259, CR-20082295, CR-20083394 (Consolidated)

JURISDICTION ACCEPTED; RELIEF GRANTED

---

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                                     Tucson
                                                              Attorneys for Petitioner


Nesci, St. Louis & West PLLC
  By James Nesci                                                                       Tucson
                                          Attorneys for Real Parties in Interest

---

E S P I N O S A, Judge.

**¶1** This special action by the state arises from consolidated cases in which real parties in interest, Erica Daughters-White and twenty-four other defendants charged with driving with an alcohol concentration of .08 or more have sought production of the software configuration ("source code") of the Intoxilyzer 8000, the breath-testing equipment currently used by the Tucson Police Department. Defendants argued that they had a "substantial need" for the source code in preparing their defenses; that the source code was "material and information not otherwise covered" in the disclosure required by Rule 15.1, Ariz. R. Crim. P.; and that they were "unable . . . without undue hardship to obtain the substantial equivalent by other means."

¶2        On September 10, 2008, after a two-day evidentiary hearing, the respondent judge ordered that CMI, a Kentucky corporation that manufactures the Intoxilyzer equipment and owns the source code, produce the requested material. The respondent also ruled as follows:

>         The Court finds that the source code for the Intoxilyzer 8000 is not within the possession or control of the Pima County Attorney[']s Office, any law enforcement agency, or any other person that has participated in the investigation that is under the direction or control of the Pima County Attorney[']s Office, and therefore declines to find that the State has a Rule 15.1 obligation to produce the programming language or software utilized by CMI in its Intoxilyzer 8000 machines. The Court further finds that while a defendant is entitled to any evidence[] "that potentially could rebut the state's prima facie showing" that an Intoxilyzer was operating correctly and is entitled to attack the [I]ntoxilyzer's reliability before a jury, such information is not *Brady* material.[1]

¶3        Nevertheless, at a subsequent hearing on defendants' "Request for Remedies,"[2] the respondent judge ordered the state to obtain the source code from CMI and provide it to defendants. She also ordered the state to serve a CMI representative in Kentucky with an order to show cause why CMI should not be held in contempt. The respondent reasoned that, even though she had found the information was not in the possession or control of the state, "there is an obligation on the State to disclose material that's not in its possession under

---

[1]*See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . .").

[2]In their motion, defendants sought dismissal of their cases or suppression of the Intoxilyzer 8000 test results as a sanction for CMI's failure to disclose the materials.

3

Rule 15 if the State has better access" to information defendants have specifically requested but have not obtained, despite their good-faith efforts.

**Discussion**

¶4        The state has petitioned this court for special action relief, asking that we "revers[e] the trial court's orders that CMI disclose the Source Code to Defendants, that the State obtain the Source Code from CMI, and that the State serve the order to show cause" on CMI. After filing its petition, the state wrote to CMI requesting disclosure of the source code and apparently had the respondent judge's orders served on a representative of CMI. In addition, the state sought enforcement of those orders in a Kentucky court. The record reflects the Kentucky court quashed the orders, finding the Intoxilyzer 8000 source code subject to protection as a trade secret. CMI subsequently stated it would produce the source code provided all parties agreed to a protective order and signed a nondisclosure agreement.

¶5        The state then unsuccessfully moved the respondent judge to reconsider her order requiring the state to obtain and produce the source code. On January 12, 2009, the respondent concluded she lacked jurisdiction to require the out-of-state corporation to comply with her orders and vacated her September 2008 order directing CMI to disclose the source code. And as noted above, the state had already served CMI with the respondent's order to show cause. Thus, the state's request that we vacate the respondent's orders requiring CMI to disclose the source code and requiring the state to serve CMI with an order to show cause is moot.

**¶6** One issue remains, however: whether the respondent judge abused her discretion in ordering the state to obtain the source code from CMI and disclose it to defendants. We accept jurisdiction of this issue because the state has no equally plain, speedy, or adequate remedy by appeal to challenge the respondent's order compelling discovery, *see Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 3, 63 P.3d 282, 283 (2003), and because the issue is one of statewide importance, *see Martin v. Reinstein*, 195 Ariz. 293, ¶ 10, 987 P.2d 779, 786-87 (App. 1999).

**¶7** We will not disturb a trial court's ruling on discovery and disclosure matters absent an abuse of discretion, and we defer to the trial court's factual findings as long as they are supported by reasonable evidence. *Twin City*, 204 Ariz. 251, ¶ 10, 63 P.3d at 284-85; *see also* Ariz. R. P. Spec. Actions 3.

**¶8** Reasonable evidence supported the respondent judge's findings that the state has no independent obligation under Rule 15.1 to produce CMI's source code for the Intoxilyzer 8000, because, based upon the record concerning the Pima County Attorney's Office and the Tucson Police Department, the state has neither possession of the source code nor control over CMI. *See* Ariz. R. Crim. P. 15.1(b), (f). We find no evidence, however, to support the respondent's finding that the state has better access than defendants to CMI's source code and is therefore obligated to produce it. Indeed, the state attempted to have CMI produce the source code, which CMI refused to do without protective conditions it sought to impose.

5

¶9        As our supreme court has explained, "Generally, '[t]he [S]tate cannot be held to disclose material that it does not possess.'" *State v. Armstrong*, 208 Ariz. 345, ¶ 55, 93 P.3d 1061, 1072 (2004), *quoting State v. McDaniel*, 136 Ariz. 188, 195, 665 P.2d 70, 77 (1983) (alterations in *Armstrong*). Accordingly,

> the state has an obligation under Rule 15.1 to disclose material information not in its possession or under its control only if (1) the state has better access to the information; (2) the defense shows that it has made a good faith effort to obtain the information without success; and (3) the information has been specifically requested by the defendant.

*State v. Rienhardt*, 190 Ariz. 579, 585-86, 951 P.2d 454, 460-61 (1997) ("fact that the prosecution is in a better position to secure a witness's cooperation" does not "mean that the witness is under the prosecution's control"). We therefore conclude the respondent abused her discretion in ordering the state to obtain and disclose the CMI source code.

¶10       The state also persuasively challenges the respondent judge's finding that defendants have a "substantial need" for the source code to prepare their cases, *see* Ariz. R. Crim. P. 15.1(g), and asks us to find that the respondent judge abused her discretion in this regard as well. But resolution of this question is not required, based on the record before us, to decide the issue presented in this special action. *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548, 694 P.2d 835, 836 (App. 1985) (appellate court should not give advisory opinions or decide issues other than those required to dispose of appeal under consideration). Nor can we say this question will necessarily be relevant in future litigation between these parties. *See Velasco v. Mallory*, 5 Ariz. App. 406, 410-11, 427 P.2d 540, 544-45 (1967) (court should not render "advisory opinions anticipative of

6

troubles which do not exist; may never exist; and the precise form of which, should they ever arise, [the court] cannot predict"); *see also Allen v. Graham*, 8 Ariz. App. 336, 338, 446 P.2d 240, 242 (1968) ("Appellate review is circumscribed by the posture of the case in the lower court."). We therefore decline to address whether the respondent judge abused her discretion and clearly erred in finding defendants had met their burden of establishing a substantial need for the discovery they sought.

**Disposition**

¶11        The respondent judge erred as a matter of law and abused her discretion in ordering the state to produce source code material for the Intoxilyzer 8000 that it did not possess and had been unable to obtain, without any evidence the state had "better access" than defendants to what CMI maintains are trade secrets.[3]   Accordingly, we vacate the respondent's order of October 27, 2008, "that the state obtain the source code for the Intoxilyzer 8000 and Intoxilyzer 8000 software versions 8105.44, 8105.45 and 8105.46."

                                                                              PHILIP G. ESPINOSA, Judge

CONCURRING:

JOSEPH W. HOWARD, Presiding Judge

JOHN PELANDER, Chief Judge

---

[3]At the hearing on October 27, 2008, defendants never argued the state had "better access" to CMI's source code. Instead, counsel for defendants told the court, "I don't think CMI is ever going to turn over the source code. I don't think they will ever do it irrespective of whether the State is ordered to serve something on them . . . or otherwise."