NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL J. MAGNOTTA, III, *Plaintiff/Appellee,*

*v.*

STEVEN A. SERRA, et al., *Defendants/Appellants.*

No. 1 CA-CV 16-0712
FILED 2-22-2018

Appeal from the Superior Court in Maricopa County
Nos.  CV2016-009195
CV2016-014520
(Consolidated)
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Law Offices of Donald W. Hudspeth, PC, Phoenix
By Janae Perry-Meier, Michael D. Malin
*Co-Counsel for Defendants/Appellants*

Brian K. Stanley, Attorney & Counselor at Law, PLLC, Phoenix
By Brian K. Stanley
*Co-Counsel for Defendants/Appellants*

DLA Piper US, LLP, Phoenix
By Mark A. Nadeau, Katherine L. Benveniste
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

**¶1**   Steven A. Serra, et. al ("Serra") appeals the superior court's order granting, in part, Michael J. Magnotta, III's, motion for temporary injunctive relief. For the following reasons, we affirm.

### FACTUAL PROCEDURE AND BACKGROUND

**¶2**   Magnotta and Serra are the founders and 50/50 equity owners of iColligo, an Arizona manager-managed limited liability company (LLC). IColligo provides software to homeowners' associations, property management companies, and their counsel for collecting overdue association and management fees. Serra was the manager of iColligo from the company's inception in 2008 until August 2016.

**¶3**   Magnotta filed a verified complaint against Serra and an application for appointment of a receiver on July 1, 2016. The following month, Serra resigned as manager of iColligo. Magnotta then filed an emergency motion to expedite the superior court's consideration of the application for appointment of a receiver. In August 2016, Serra stipulated to the appointment of a temporary receiver. Later that month, the superior court appointed Peter Davis as the receiver over iColligo, and Davis posted a $5,000 bond and filed an oath of his receivership.

**¶4**   Magnotta then filed a motion for an order to show cause and a request for temporary injunctive relief, asking the court for an order (among other relief) temporarily enjoining Serra from competing with iColligo. In response, Serra filed both a counterclaim and a crossclaim for dissolution of iColligo pursuant to Arizona Revised Statutes ("A.R.S.") section 29-785(A)(2) on the basis that the members were "deadlocked."[1]

---

[1] We cite to the current version of all statutes and rules in this decision, which have not been materially amended since the time of the relevant action.

¶5 On October 24, 2016, the superior court held an evidentiary hearing on, *inter alia*, Magnotta's request for a temporary injunction. The court declined to impose a "blanket non-compete injunction" against Serra, but found that injunctive relief was warranted, in part, and enjoined iColligo's members "and any others who may be in active concert or participation with them, from misappropriating iColligo's proprietary information or trade secrets." In conjunction with its ruling, the court noted that "the Receiver shall continue under the terms of the prior order."

¶6 A formal written order granting the injunction in part and denying it in part was entered on November 3, 2016 ("November Order"), and Serra timely appealed.

## DISCUSSION

### I. Jurisdiction

¶7 We first address Magnotta's contention that we lack jurisdiction over Serra's claims relating to the receivership. As an initial matter, we note the November Order is not a final judgment appealable under Arizona Rule of Civil Procedure ("Rule") 54(b) or 54(c). *See* A.R.S. § 12–2101(A)(1) (appeal may be taken from final judgment). Serra claims this court has appellate jurisdiction under A.R.S. § 12–2101(A)(5)(b), which provides appellate jurisdiction over an interlocutory order "[g]ranting or dissolving an injunction . . . or appointing a receiver" without the requirement that the order include Rule 54(b) or 54(c) certification. *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 427, ¶ 9 (App. 2016) (appeals taken under A.R.S. § 12–2101(A)(2), (3)-(8), (10)-(11) are not subject to Rule 54(b) or 54(c) certification).

¶8 As relevant to the receivership issues, Serra claims that although the court entered an order appointing Davis as "temporary receiver" on August 29, 2016, he may now appeal the November Order, which "significantly expanded [the] purposes and powers" of the receivership because "the November 3 order may fairly and reasonably be treated as 'an order appointing a receiver' within the meaning of A.R.S. § 12-2101(A)(5)(b)." During oral argument, Serra claimed there were actually two separate receiverships—a temporary receivership that expired September 30, 2016, and a permanent receivership that began on November 3. There is no support for this assertion in the record. In fact, Serra included in his proposed "ORDER FOR APPOINTMENT OF *TEMPORARY* RECIEVER" that **"**[t]he [c]ourt may extend the duration of the Receiver's appointment following the hearing on Magnotta's Application for

Appointment of Receiver." This language was included in the court's August 29, 2016 order appointing the receiver. The hearing took place on October 24, 2016 and the court, in its discretion, continued the duration of the receivership. Thus, contrary to Serra's assertion, the receivership never expired.

**¶9** In *AEA Fed. Credit Union v. Yuma Funding, Inc.*, this court held "A.R.S. § 12–2101(A)(5)(b) grants the right to appeal in three circumstances: (1) from an order granting or dissolving an injunction, (2) from an order refusing to grant or dissolve an injunction, and (3) from an order appointing a receiver." 237 Ariz. 105, 110, ¶ 16 (App. 2016) (citation omitted). We further held that based on the plain language of A.R.S. § 12–2101(A)(5)(b), we do not have jurisdiction "to review other types of receivership orders," including an order denying a motion to set aside appointment of a receiver and an order discharging a receiver. *Id.* at 110-11, ¶¶ 16, 20. Finally, we held that

> absent jurisdiction over the merits of [appellant's] arguments, we have no authority to consider whether the trial court lacked jurisdiction to appoint the receiver or abused [appellant's] due process rights in doing so. The notion that such arguments can never be waived applies only when the appellant timely appeals from the underlying appealable order or judgment, but has failed to raise [the argument] below. [Appellant's] failure to properly and timely appeal the order appointing the receiver deprives this Court of jurisdiction to review the alleged errors in its entry.

*Id.* at 111, ¶ 19 (citations omitted).

**¶10** Here, the superior court appointed Davis as receiver on August 29, 2016, and Serra did not appeal the appointment.[2] In fact, he stipulated to the appointment of a temporary receiver. Accordingly, we do not have jurisdiction to consider whether the superior court erred in appointing a receiver as any objection to such is untimely. Likewise, we do not have jurisdiction to address the court subsequently expanding the

---

[2] Serra does not seek the removal of the custodial receivership as initially appointed "insofar as it continues in effect, and without additional duties or powers."

"purposes and powers" of the temporary receivership.[3] We do, however, have jurisdiction to consider the portion of the November Order granting a preliminary injunction pursuant to A.R.S. § 12–2101(A)(5)(b).

## II.     Preliminary Injunction

**¶11**          Serra concedes that the superior court denied Magnotta's request to enjoin Serra from competing with iColligo and only granted a preliminary injunction stating:

> IT IS ORDERED temporarily enjoining Mr. Serra and Mr. Magnotta, and any others who may be in active concert or participation with them, from misappropriating iColligo's proprietary information or trade secrets. Such information cannot be used without the approval of the Receiver. (In making this ruling, the Court has not defined what iColligo's trade secrets or proprietary information are. The Court lacks sufficient information to make that decision.)

Serra contends, however, the court erred because (1) Magnotta lacked standing to request such an injunction, and (2) the ordered injunction failed to comply with the specificity and security requirements of Rule 65.[4] Although granting injunctive relief rests within the superior court's sound discretion and is reviewed for an abuse of discretion, we review legal conclusions de novo and defer to the superior court's factual findings

---

[3] Serra addresses for the first time at oral argument that this court may assert special action jurisdiction to address his concerns regarding the receivership. Although counsel represented that this was raised within the briefing, we have searched the briefs and have found no such reference. In our discretion, we decline to accept special action jurisdiction. *See Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182, ¶ 21 (App. 2005) ("A court's decision to decline or accept special-action jurisdiction is discretionary" and "is reserved for extraordinary circumstances.") (citations omitted).

[4] Since the court's November Order, the supreme court renumbered and amended Rule 65. As relevant to this decision, former Rule 65(h) is now Rule 65(d) and former Rule 65(e) is now Rule 65(c). Because the amendments are not material to this appeal, we cite to the current versions of these rules.

unless clearly erroneous. *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 64, ¶ 5 (App. 2011).

¶12　　Serra contends that Magnotta's claims "must be asserted in a member's derivative action under A.R.S. §§ 29-831 [to] -833 rather than a direct action by a member in his own name and for his own benefit," because "both as to the relief requested and the relief granted, iColligo was the intended and actual entity benefited." Serra previously raised this issue in a motion to dismiss and succeeded in having one count of the complaint dismissed. At this juncture, however, the challenged portion of the court's order pertaining to direct and derivative lawsuits does not include the granting or dissolving of an injunction and this court lacks appellate jurisdiction to review Serra's contention as raised. *See supra* ¶¶ 7-10.

¶13　　Moreover, because the superior court did not consolidate the preliminary injunction hearing with a final trial on the merits, the findings and conclusion it reached are not binding at the subsequent trial. *See Powell–Cerkoney v. TCR–Mont. Ranch Joint Venture, II*, 176 Ariz. 275, 280–81 (App. 1993) ("Under Rule 65(a), the trial court may not reach a final decision on the merits in a preliminary injunction hearing unless the hearing has been properly consolidated with a trial on the merits.") (citations omitted). Furthermore, the superior court's legal conclusion as to whether Magnotta's claims were properly brought in a direct rather than derivative suit, does not constitute a final ruling or the law of the case. *See id.* at 280 ("[L]egal conclusions reached at the preliminary injunction phase of litigation do not constitute law of the case."). Because the superior court's legal conclusion does not constitute a final ruling or the law of the case, we decline to substitute an advisory opinion for a final determination of law properly reserved for the trial court upon a full record. *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985); *see also State v. Bernini*, 220 Ariz. 536, 539, ¶ 10 (App. 2009).

¶14　　Serra next contends the court erred in ordering the temporary injunction because it lacks the specificity necessary to "ascertain . . . exactly what conduct is proscribed." Rule 65(d) requires every order granting an injunction to state the reasons why it was issued, state its terms specifically, and describe "in reasonable detail," and not by reference to the complaint or other document, the act or acts to be restrained. "Findings are sufficient if they are pertinent to the issues and comprehensive enough to provide a basis for the decision." *McDowell Mountain Ranch Land Coal. v. Vizcaino*, 190 Ariz. 1, 5 (1997) (citations omitted).

**¶15** The superior court was sufficiently specific in its six-page order enjoining "Mr. Serra and Mr. Magnotta . . . from misappropriating iColligo's proprietary information or trade secrets." Although the court did not define "iColligo's trade secrets or proprietary information" because it "lack[ed] sufficient information to make that decision," the court clarified the injunction by stating that "[s]uch information cannot be used without the approval of the Receiver." Therefore, the court implied that the receiver, as "a ministerial officer of the court who acts under the appointing court's authority," *Mashni v. Foster ex rel. Cty. of Maricopa*, 234 Ariz. 522, 527, ¶ 19 (App. 2014), would determine, on a case-by-case basis, what information is proprietary or constitutes trade secrets. Accordingly, the court's injunction does not lack in necessary specificity.

**¶16** Finally, Serra argues that the superior court erred in failing to order Magnotta to give security as required by Rule 65. Rule 65(c) states the court may grant a preliminary injunction "only if the movant gives security in such amount as the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Here, the court considered the relevant facts of the case and found that "no bond is required except for the bond already filed by the Receiver." At oral argument, the parties acknowledged that a bond amount of zero can satisfy Rule 65(c). Moreover, because "[t]here is no longer any basis for concluding that a preliminary injunction is unenforceable unless a security bond has been issued," we hold the superior court set a "reasonable bond" at zero dollars after a "fact-intensive" inquiry into the issues, and the injunction is enforceable. *In re Wilcox Revocable Tr.*, 192 Ariz. 337, 341, ¶ 20 (App. 1998) (citation omitted); *see also Bank of Ariz. v. Super. Ct. of Yavapai Cty.*, 30 Ariz. 72, 80 (1926) (holding that bond was not necessary when the injunction only prohibited the parties from violating the terms of a contract).

## CONCLUSION

**¶17** For the foregoing reasons, we affirm the superior court's issuance of the preliminary injunction.

**¶18** Magnotta requests his attorney fees on appeal under A.R.S. § 12-341.01. After considering the relevant factors, we award reasonable

attorney fees and taxable costs on appeal to Magnotta upon compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.



AMY M. WOOD • Clerk of the Court
FILED: AA