NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ROBERT BROWN, *Appellant.*

No. 1 CA-CR 18-0652
FILED 8-29-2019

Appeal from the Superior Court in Maricopa County
No. CR2018-103044-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

**J O N E S**, Judge:

**¶1** Christopher Brown appeals his convictions and sentences for one count each of sex trafficking, receiving the earnings of a prostitute, pandering, and assault. After searching the entire record, Brown's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Brown was granted an opportunity to file a supplemental brief *in propria persona* and did so. After reviewing the entire record, we reject the arguments raised in Brown's supplemental brief, and find no error. Accordingly, Brown's convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** On January 17, 2018, during a vice enforcement operation near 38th Street and Van Buren Avenue, a Phoenix Police Department officer saw Brown argue with E.L.P., strike her, and then point to the west, in which direction she subsequently walked.[1] With Brown watching her, E.L.P. entered a truck driven by an undercover officer and agreed to engage in a sexual act in exchange for money. In a recorded interview with the officer, E.L.P. stated that Brown was her boyfriend, but he made her engage in prostitution; she did so to support them because Brown refused to work; she gave her earnings to Brown; and she feared he might hurt her if she refused.

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶3          The State charged Brown with sex trafficking, receiving the earnings of a prostitute, pandering, and assault.  Brown rejected the State's plea offer, waived his right to a jury, and was tried at a bench trial.

¶4          At a defense interview the day prior to her testimony, E.L.P. repeated the statements made to the undercover officer.  Her testimony differed markedly at trial, however, where she claimed Brown had nothing to do with her prostitution, and that her choices in the matter were all her own.  The State impeached E.L.P. with the recording of her initial interview.  The undercover officer who conducted this interview also testified that, in his experience with sex trafficking cases, victims frequently change their story after seeing their trafficker in court.  This officer further testified that this is a common pattern with both sex trafficking and domestic violence cases, wherein victims are manipulated to do what their abuser wants them to do.  Indeed, Brown had to be admonished not to communicate with E.L.P. on more than one occasion during the trial.

¶5          When questioned about the discrepancy, E.L.P. claimed that she had been lying on both earlier occasions because she was angry with Brown: on the day of his arrest for having struck her, and on the day before her testimony because she had heard he was talking to other women on the telephone while in jail.  She also claimed to have lied in her initial interview because she wanted to avoid withdrawal symptoms from heroin and methamphetamine that may have resulted from remaining in custody.

¶6          At the close of the State's case, Brown's counsel moved unsuccessfully for a judgment of acquittal pursuant to Rule 20 of the Arizona Rules of Criminal Procedure.   Brown then testified on his own behalf, admitting he had assaulted E.L.P. but denying any involvement in E.L.P.'s prostitution.  According to Brown, the two were in love, and the argument police witnessed pertained to her drug use.

¶7          The trial court found Brown guilty as charged.  After finding Brown had three prior historical felony convictions, the court sentenced Brown as a non-dangerous, repetitive offender to the minimum term of fourteen years' imprisonment for sex trafficking, presumptive terms of five years' imprisonment for receiving the earnings of a prostitute and pandering, and one month of jail time for assault.  The court ordered the sentences to be served concurrently and credited Brown with 241 days of presentence incarceration.   Brown timely appealed, and we have

jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

### I.      Discovery

¶8        Within his supplemental brief, Brown first argues that because he had not received discovery, he was unable to mount an effective defense.  Generally, the trial court is afforded great latitude in discovery issues, and we will not disturb their rulings "absent an abuse of discretion." *State v. Bernini*, 220 Ariz. 536, 538, ¶ 7 (App. 2009) (citations omitted).  This abuse arises when the court applies the law incorrectly or renders decisions without a rational basis.  *See State v. Linares*, 241 Ariz. 416, 418, ¶ 6 (App. 2017) (citing *Gorman v. City of Phx.*, 152 Ariz. 179, 182 (1987)).  We find no such abuse.  When Brown raised the issue at trial, both the court and Brown's counsel indicated that Brown had already been provided with all the material to which he was entitled — in this case a police report.  The court here found that Brown had simply misunderstood what "discovery" meant.  On this record, Brown has not shown his ability to raise a defense was hindered by discovery issues.

### II.      Admission of E.L.P.'s Prior Inconsistent Statements

¶9        Brown also argues the trial court erred in admitting E.L.P.'s prior statements because she testified she was lying during the interviews. Arizona Rule of Evidence 801(d)(1)(A) permits the admission of prior statements if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is inconsistent with the declarant's testimony."  Courts admit such statements, which would otherwise be considered hearsay, to allow the trier of fact "to hear the conflicting statements and decide 'which story represents the truth in the light of all the facts, such as the demeanor of the witness, the matter brought out on the witness' direct and cross-examination, and the testimony of others.'"  *State v. Joe*, 234 Ariz. 26, 29, ¶ 12 (App. 2014) (quoting *State v. Miller*, 187 Ariz. 254, 257 (App. 1996), and citing *State v. Carr*, 154 Ariz. 468, 471 (1987)).  Here, E.L.P.'s recorded statements were inconsistent with her testimony and she was subject to cross-examination.  The fact-finder was therefore empowered to hear the conflicting evidence, and we find no error in the admission of this evidence.

---

[2]      Absent material changes from the relevant date, we cite the current version of rules and statutes.

## III.  Judicial Bias

**¶10**        Finally, Brown suggests the trial court judge was biased as a trier-of-fact.  In reviewing such claims, we presume judges to be "free of bias and prejudice."  *State v. Rossi*, 154 Ariz. 245, 247 (1987) (citation omitted).  To overcome this presumption, the defendant "must prove by a preponderance of the evidence that the judge is biased or prejudiced."  *Id.* Brown offers no evidence to support his claim; he simply asserts that his innocence was so obvious that only a biased judge could find otherwise. Our review of the record shows no objective indication that the judge lacked impartiality.  Accordingly, Brown fails to prove he was deprived a fair trial on this basis.

## IV.  Fundamental Error Review

**¶11**        Further review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  A person is guilty of sex trafficking if he "knowingly traffic[s] another person, who is eighteen years of age or older," with either the intent to cause or knowledge that "the other person will engage in any prostitution or sexually explicit performance by deception, force or coercion."  A.R.S. § 13-1307(A).  A person is guilty of receiving the earnings of a prostitute if he "knowingly receives money . . . from the earnings of a person engaged in prostitution."  A.R.S. § 13-3204.  A person is guilty of pandering if he "knowingly . . . [c]ompels, induces or encourages any person to become a prostitute or engage in an act of prostitution."  A.R.S. § 13-3209(4).  And, a person is guilty of assault if he "[k]nowingly touch[es] another person with the intent to injure, insult or provoke such person." A.R.S. § 13-1203(A)(3).  The record contains sufficient evidence upon which the trier of fact could determine beyond a reasonable doubt that Brown was guilty of the charged offenses.

**¶12**        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Brown was present at all stages of the proceedings and represented by counsel at all critical stages.  *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).  While represented by counsel, Brown knowingly, intelligently, and voluntarily waived his right to a jury trial.  *See* Ariz. R. Crim. P. 18.1(b).  At sentencing, Brown was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the

sentences.  *See* Ariz. R. Crim. P. 26.9, 26.10.  Additionally, the sentences imposed were within the statutory limits.[3]  *See* A.R.S. §§ 13-703(C), (J).

**CONCLUSION**

¶13        Brown's convictions and sentences are affirmed.

¶14        Defense counsel's obligations pertaining to Brown's representation in this appeal have ended.  Defense counsel needs do no more than inform Brown of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶15        Brown has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.21.  Upon the Court's own motion, we also grant Brown thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.  *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        The record reflects Brown was arrested and incarcerated on January 17, 2018, and held until sentencing on September 10, 2018, for a total of 235 days' presentence incarceration.  Although the trial court erroneously gave Brown credit for 241 days of presentence incarceration, the error is in Brown's favor and is, therefore, not fundamental because it does not prejudice him.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining fundamental error is error that both goes to the foundation of the case and prejudices the defendant).