FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., a Delaware corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Connecticut corporation, <br><br> Defendant - Appellee. | No. 10-16520 <br><br> D.C. No. 4:09-cv-00102-CKJ-CRP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted October 13, 2011
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and GEORGE, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for Nevada, sitting by designation.

Ventana Medical Systems, Inc. ("Ventana") appeals from the district court's summary judgment and attorney fees award in its insurance coverage action against St. Paul Fire & Marine, Ins. Co. ("St. Paul"). We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court properly granted summary judgment on Ventana's claim that St. Paul owed it a duty to defend an underlying patent infringement action filed by Digene Corporation. Because this is a diversity case on appeal from the District Court for the District of Arizona, Arizona law applies. *Progressive Cas. Ins. Co. v. Owens*, 519 F.3d 1035, 1037-38 (9th Cir. 2008) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Arizona courts have long recognized that the duty to defend is distinct and broader than the duty to indemnify. *See INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.,* 722 P.2d 975, 982 (Ariz. Ct. App. 1986). Under Arizona law, an insurer's duty to defend attaches to "any claim potentially covered by [its] policy." *United Servs. Auto. Ass'n v. Morris,* 741 P.2d 246, 250 (Ariz. 1987). An insurance company does, however, have the "right to limit its liability and to impose conditions and restrictions upon its contractual obligations not inconsistent with public policy." *Kepner v. Western Fire Ins. Co.*, 509 P.2d 222, 223 (Ariz. 1973).

Digene's first amended complaint dictates the analysis of Ventana's claims for coverage against St. Paul. Despite Ventana's argument to the contrary, St. Paul did not have a duty to investigate facts beyond the allegations in this complaint and the materials submitted with it. *See U.S. Fid. & Guar. Corp. v. Advance Roofing & Supply Co., Inc.*, 788 P.2d 1227, 1231 (Ariz. Ct. App. 1989) (concluding that "no Arizona authority defin[ed] the extent of an insurer's duty to investigate facts outside the allegations of the complaint where . . . those allegations would not impose a duty to defend.").

A careful reading of Digene's first amended complaint reveals that Digene did not allege claims for implied disparagement or for unauthorized use of a slogan. Moreover, even if Digene's allegations regarding the 2002 Ventana press release could be interpreted as a claim for implied disparagement, such a claim would have fallen under an exclusion of the policy then in force. The Intellectual Property exclusion in St. Paul's December 2001 to December 2002 liability policy specifically excluded coverage for "any other injury . . . alleged in a claim or suit that also alleges [patent] infringement." Thus, because Digene's complaint alleged patent infringement, St. Paul had no duty to defend against any other claims potentially covered by the 2002 policy. Ventana's arguments that this exclusion is not enforceable are not persuasive.

3

Ventana's argument that Digene's claims were potentially covered by St. Paul's December 2000 to December 2001 liability policy is similarly unpersuasive. Nothing in the record suggests that any of Digene's claims were based on allegedly disparaging statements made by Ventana in 2001.

II

We review a district court's award of attorney fees for an abuse of discretion. *See Velarde v. PACE Membership Warehouse,* Inc., 105 F.3d 1313, 1318-19 (9th Cir. 1997); *Chevron U.S.A. Inc. v. Schirmer*, 11 F.3d 1473, 1480 (9th Cir. 1993). We will not reverse a district court's award unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 2006).

Here, the district court awarded fees under Ariz. Rev. Stat. § 12-341.01. The Arizona Supreme Court has identified the relevant factors for deciding whether to award attorney fees under this statute. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). The district court weighed these factors and conducted the proper analysis. There is thus no cause for us to disturb its conclusions.

**AFFIRMED.**