FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDA STANKOVA; VICTOR NIKOLAEV, *Plaintiffs-Appellants*, v. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation, *Defendant-Appellee*. | No. 12-17575 D.C. No. 3:12-cv-08016-PGR OPINION |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted
April 15, 2015—San Francisco, California

Filed May 29, 2015

Before: Mary M. Schroeder and N. Randy Smith, Circuit
Judges and Sharon L. Gleason,* District Judge.

Per Curiam Opinion

---

* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

## SUMMARY[**]

### Insurance Law

The panel reversed the district court's summary judgment in favor of an insurer, and held that under Arizona law there was a triable issue as to whether a  fire directly caused the destruction of the insured's home.

Approximately one month after a wildfire swept through part of Northern Arizona, flooding and mudslides in the area destroyed the plaintiffs' house.  Plaintiffs' homeowners' policy covered damage directly caused by fire, and excluded damages caused by flooding or earth movement.

The panel held that because the Arizona standard fire policy was based on New York's standard fire policy, the panel could look to New York law and treatises for guidance in order to ascertain what "direct" causation meant in the context of a fire insurance policy.  The panel concluded that the damage at issue could have been directly and proximately caused by the wildfire, and remanded for trial or further proceedings.

**[**]** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Randy L. Sassaman (argued) and Michael J. Raymond, Raymond, Greer & Sassaman, P.C., Phoenix, Arizona, for Plaintiffs-Appellants.

Christopher M. Hanlon (argued) and James A. Robles, Carnahan, Perry, Hanlon, Hudson, PLC., Phoenix, Arizona for Defendant-Appellee.

**OPINION**

PER CURIAM:

This fire insurance case arises under Arizona law and involves issues of causation. In the summer of 2011, a wildfire swept through a large swath of Northern Arizona, burning acres of vegetation. Approximately one month after the fire was put out, flooding and mudslides in the area destroyed Plaintiffs' house. Plaintiffs' homeowner's policy covered damage directly caused by fire, and excluded damages caused by flooding or earth movement. The district court granted summary judgment for the insurer, concluding that damage caused by mudslides a month after a fire could not, as a matter of law, be "directly" caused by fire as required under Arizona law. Arizona law, however, favors a broader interpretation of direct causation. We therefore reverse and remand for further proceedings to determine whether the fire directly caused Plaintiffs' losses.

## BACKGROUND

Plaintiffs-Appellants Magda Stankova and Victor Nikolaev ("Stankova") owned a home and detached garage in Alpine, Arizona. When Stankova purchased the property in 1998, she alleges there were no disclosures or any evidence that the house had ever been damaged by flood or mudslides, nor was the home ever previously damaged by flood or mudslides during the time that Stankova owned it. The home and its garage were insured under a homeowner's insurance policy issued by Metropolitan Property and Casualty Insurance Company ("Metropolitan").

In 2011, there was a massive wildfire, the "Wallow Fire," in the area near the Stankova house. The fire began on May 29, 2011 and was not contained until July 8, 2011. The fire itself consumed Stankova's detached garage on June 13, but did not reach the house. The wildfire also destroyed all the vegetation on a nearby hillside. On August 6, 2011, a month after the wildfire was put out, there was a mudslide on the hillside. The mudslide and runoff water destroyed the Stankova house.

Stankova had a homeowner's policy with Defendant-Appellee Metropolitan which covered direct loss caused by fire but excluded coverage for loss caused by either water damage or earth movement, including mudslides. The policy provided coverage for "sudden and accidental direct physical loss or damage" to Stankova's property if the loss was caused by the losses in "Section I - Broad Named Perils." That section included "Fire or Lightning" as a covered peril.

The policy also included certain exclusions, described in "Section I – Losses We Do Not Cover."  That section read as follows:

SECTION I - LOSSES WE DO NOT COVER

1. We do not insure under any Section I coverage for any loss which would not have happened in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of:

(a) the cause of the excluded event;
(b) other causes of the loss; or
(c) whether such causes acted at the same time or in any other sequence with the excluded event to produce or contribute to the loss.

These exclusions apply whether or not the excluded event results in widespread damage or affects a substantial area.  The excluded events are listed below.

. . . .

D. Water damage, meaning any loss caused by, resulting from, contributed to or aggravated by:

[flood, water backups from sewer of drains, surface water flooding or leakage, etc.]

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, we pay for direct loss that ensues after water damage if caused by fire, theft, or explosion, and then we pay for only the ensuing loss.

E. Earth Movement, meaning any loss caused by, resulting from, contributed to or aggravated by events that include, but are not limited to:

[earthquake, volcanic eruption, sinkhole, mudslide, erosion, settling or contracting of earth, etc.]

This exclusion applies whether or not the earth movement is combined with water or caused by or results from human or animal forces or any act of nature.

However, we pay for direct loss that ensues after earth movement if caused by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing material and then we pay for only the ensuing loss.[1]

---

[1] Stankova conceded at argument that the "exception" provisions of subsections D and E were not applicable to the issues presented here.

Stankova sought coverage under the homeowner's policy first for the destruction of the garage and later for the destruction of the home. Metropolitan agreed to cover the loss of the garage but denied coverage for the loss of the home. Metropolitan informed Stankova that it was denying coverage because the damage was due to flood water and earth movement, both of which were explicitly excluded from coverage under the policy. Stankova contested this determination, arguing that fire was the actual and proximate cause of the loss. In its response letter, Metropolitan reaffirmed its denial of coverage, stating that water and earth movement, not fire, were the "obvious, immediate and physical causes" of the damage. Stankova then decided to bring suit.

Stankova initially filed her complaint in state superior court. Metropolitan then removed the case to federal court. The parties conducted only initial discovery. Both parties then filed cross-motions for summary judgment, each with supporting statements of facts, most of which were not controverted. After each party responded and replied to the other's motion, the district court granted Metropolitan's motion for summary judgment. Stankova now appeals.

"It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2003) (quoting *Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981)). Accordingly, we apply Arizona substantive law to this dispute.

The case the parties discuss that is factually closest to this case is *Howell v. State Farm Fire & Cas. Co.*, 218 Cal. App. 3d 1446 (1990). There, a wildfire occurred near the insured's

property in summer; when winter and heavy rains came, a landslide occurred and damaged the property. The policy at issue provided coverage for fire damage but not water or earth movement damage. *Id.* at 1449–50. The insurer denied coverage on that basis, and the insured successfully appealed, with the court holding that the landslide likely would not have occurred if there had not been a fire, and that therefore the fire was the "efficient proximate cause" of the loss. *Id.* at 1451.

By statute, California insurance policies are required to provide coverage whenever a covered peril is the "proximate cause" of the loss. Cal. Ins. Code § 530. Case law interprets "proximate cause" more broadly as "efficient proximate cause," or the cause that "sets others in motion" and is "the predominating or moving efficient cause." *Sabella v. Wisler*, 377 P.2d 889, 895 (Cal. 1963). Relying on this case law, in *Howell*, the appeals court reversed the trial court's grant of summary judgment, holding that a "reasonable juror could find that the burning of the slope was the 'predominating cause' or the one that set the others in motion." 218 Cal. App. 3d at 1460.

Arizona has not adopted the doctrine of "efficient proximate cause" in deciding issues of causation in insurance disputes. *See Millar v. State Farm Fire & Cas. Co.*, 804 P.2d 822, 826 (Ariz. Ct. App. 1990) ("We have never adopted the 'efficient proximate cause' rule. In Arizona an insurer is permitted to limit its liability unless to do so would be inconsistent with public policy."). However, the underlying policy coverage issue in *Millar* was not related to direct loss caused by fire damage. *See id.* at 823–24. Nevertheless, the fact that Arizona has not adopted the efficient proximate cause doctrine is a principal reason the district court granted

summary judgment for Metropolitan, so we must look closely at Arizona law.

Arizona requires, by statute, that all fire insurance policies conform to a standard policy, which is based on New York's standard fire policy of 1943. A.R.S. § 20-1503. If a policy conflicts with the provisions in the standard policy, the standard policy provisions govern. *See Nangle v. Farmers Ins. Co. of Arizona*, 713 P.3d 1252, 1257 (Ariz. Ct. App. 2003). The standard fire policy states that an insurer will provide coverage "against all direct loss by fire, lightning and by removal from premises endangered by the perils insured against in this policy." N.Y. Ins. Law § 3404 (emphasis omitted).

The key question under Arizona law is then whether the mudslide that damaged Stankova's house was "directly" caused by fire. Stankova argues that the mudslide was directly caused by the fire, and that therefore the damage to her home is covered under the policy. Metropolitan argues that Stankova's insurance policy unambiguously excludes water damage and earth movement and asserts that the fire was not a direct cause of the damage to Stankova's house.[2]

---

[2] Metropolitan also suggests its policy can be interpreted to exclude coverage for earth movement and water even if directly caused by fire. If the policy were so interpreted, it would conflict with the provision of the standard policy that requires coverage for all direct loss by fire. Arizona law allows for exceptions to the fire policy if (1) the "loss by fire or other perils insured against" is caused "directly or indirectly by terrorism," A.R.S. § 20-1503, or (2) "such provisions and stipulations are applicable only to such additional coverage or to the additional peril or perils insured against," A.R.S. § 20-1507.

Because the Arizona standard fire policy is based on New York's standard fire policy, we may look to New York law and treatises for guidance in order to ascertain what "direct" cause means in the context of a fire insurance policy. In reference to fire insurance, a New York court has provided:

> Loss by fire within the policy's coverage is not limited to fire damage; rather, all losses are covered which are directly, proximately, or immediately caused by a fire or combustion. In other words, the damage for which fire insurers are liable is not confined to loss by actual burning and consuming, but they are liable for all losses which are the immediate consequences of fire or burning, or for all losses of which fire is the proximate cause. This follows from the fact that the fair and reasonable interpretation of a policy of insurance against loss by fire will include within the obligation of the insurer every loss which necessarily follows from the occurrence of the fire, to the amount of the actual injury to subject of the risk, whenever that injury arises directly and immediately from the peril, or necessarily from incidental and surrounding circumstances, the operation and influence of which could not be avoided.

*Throgs Neck Bagels, Inc. v. GA Ins. Co. of New York*, 671 N.Y.S.2d 66, 69 (App. Div. 1998) (quoting 10A Couch, Insurance 2d § 42.30).

Both parties cite to a particular treatise on insurance law, *Insurance Law & Practice* by John and Jean Appleman

(1970). The Appleman treatise has been cited in several Arizona cases as being instructive on the meaning of terms in insurance policies. The Arizona Court of Appeals cited to the Appleman treatise in *Liristis v. American Family Mutual Insurance Co.*, where the court quoted Appleman regarding the purpose of fire insurance policies: "[f]ire insurance 'is intended to cover every loss, damage, or injury proximately caused by fire, and every loss necessarily following directly and immediately from such peril or from the surrounding circumstances, the operation and influence of which could not be avoided.'" 61 P.3d 22, 27 (Ariz. Ct. App. 2002) (quoting 5 John A. Appleman & Jean Appleman, *Insurance Law & Practice* § 3082 (1970)).[3]

Under the Appleman definition of direct and proximate cause as adopted by Arizona, it is possible that the fire directly caused Stankova's loss in "an unbroken sequence and connection between" the wildfire and the destruction of the house. 5 J. Appleman at § 3083. A reasonable factfinder could conclude that the destruction of the house was caused by the fire, which likely caused the mudslide, "the operation and influence of which could not be avoided." *Id*. at § 3082.

Thus, although an efficient proximate cause analysis is not appropriate under Arizona law, we need not apply that doctrine in order to find that the damage here could have been

---

[3] In *Koory v. Western Cas. & Sur. Co.*, the Supreme Court of Arizona held that "direct usually means proximate or immediate" in the context of an insured purchasing insurance against "all direct loss caused by windstorm." 737 P.2d 388, 390 (Ariz. 1987) (internal quotation marks and alternations omitted) (quoting 5 John A. Appleman & Jean Appleman, *Insurance Law & Practice* § 3142 (1970)). The court noted that "[i]n Arizona, as in most jurisdictions, an act or force need not be the *sole cause of damage* for causation to exist." *Id.* (emphasis added).

directly and proximately caused by the wildfire. A more limited analysis reaches the same result. Stankova produced some evidence that no mudslides or flooding had ever occurred on that property before, that wildfires commonly cause mudslides as a result of deforestation and erosion, and that the rains were not unusually heavy that year. The damage occurred only about a month after the fire was contained. *Liristis* is particularly instructive to us on this issue. The *Liristis* court found that mold damage, caused by water used to extinguish a fire, could be covered under fire coverage, even though coverage for loss due to mold itself was excluded under the policy. *Id.* at 26.

Metropolitan argues that *Liristis* is distinguishable, because the covered event (fire) caused the loss (mold); the excluded event (mold) did not cause a loss to the property. Applying that argument, Metropolitan asserts that the excluded event (earth movement) was the cause of the loss. However, we do not agree with Metropolitan's argument. In *Liristis*, the court found that the fire could have caused the mold, because the water (used to quash the fire) caused the mold. Here, Stankova's evidence suggests that the fire caused damage to the house (by burning the surrounding vegetation), because otherwise the water would not have caused the earth to move.

Metropolitan also suggested at oral argument that because the exclusion language in the Liristis's policy varied from the exclusion language here, Arizona law does not preclude exclusions from direct loss from fire. We again do not agree with Metropolitan's interpretation of *Liristis*. In *Liristis*, the parties raised the coverage issue, in part, based on the policy language. *Id*. at 26. The court addressed the coverage issue as a policy question. *Id.* The Arizona court did not suggest

that American Family would have prevailed had the policy been drafted differently. *Id.* Rather, it suggested that the policy (as drafted) did not make any exclusions. *Id.* Most importantly, the court's analysis did not end there. Instead, the court addressed the policy considerations of the insurance contract. *Id.* at 27. It concluded, "The purpose of the transaction between Plaintiffs and American Family—the purchase of a homeowners policy which includes fire insurance—supports interpreting the policy to cover mold damage caused by fire." *Id.*

The purpose of the Liristis policy was the same purpose as the Stankova policy—to provide coverage for "sudden and accident direct physical loss."[4] *See id.* There is no doubt that Metropolitan attempted to limit its coverage with its anti-concurrent causation provision (which was not present in *Liristis*). However, this provision is inconsistent with Arizona's standard fire insurance policy, which insures against *all* direct loss by fire. We know of no case that would allow Metropolitan to contract out of the standard fire policy's purpose so as to exclude coverage for this type of direct loss from fire.

The evidence in the record before us is limited, but the district court erred in concluding that, under Arizona law, the insurer was entitled to summary judgment. There is a triable

---

[4] Because the Arizona Court of Appeals found that the policy considerations and policy language allowed for coverage for direct loss from fire damage, it did not address the "concurrent causation" issue. *Liristis*, 61 P.3d at 28. The resolution of the concurrent causation language here determines whether the Metropolitan policy conflicts with the standard fire policy. As previously noted, to the extent that the Metropolitan policy conflicts with the provisions in the standard policy, the standard policy provisions govern. *See Nangle*, 713 P.3d at 1257.

issue as to whether the fire directly caused the destruction of Stankova's home.  The district court's grant of summary judgment is **REVERSED** and the case **REMANDED** for trial or further proceedings.