NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TRUCK INSURANCE EXCHANGE,
Plaintiff/Appellee/Cross-Appellant,

v.

TEIXIDOR ENTERPRISES INC., et al.,
Defendants/Appellants/Cross-Appellees.

No. 1 CA-CV 20-0342
FILED 8-24-2021

Appeal from the Superior Court in Maricopa County
No. CV2016-001973
The Honorable James D. Smith, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Christian Dichter & Sluga, PC, Phoenix
By David M. Bell, JP Harrington Bisceglia, Gena L. Sluga
*Counsel for Plaintiff/Appellee/Cross-Appellant*

Dixon Law Offices, PLC, Phoenix
By Thomas B. Dixon
*Co-Counsel for Defendants/Appellants/Cross-Appellees*

Richard A. Dillenburg, PC, Tempe
By Richard A. Dillenburg
*Co-Counsel for Defendants/Appellants/Cross-Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

¶1         Teixidor Enterprises, Inc. dba La Patisserie Bakery ("Patisserie") appeals the superior court's orders granting partial summary judgment and a new trial on damages to Truck Insurance Exchange ("Truck Insurance").  Truck Insurance cross-appeals the denial of its motions for directed verdict and the denial of its request for attorney fees.  For the following reasons, we vacate and remand the court's attorney-fee order. We affirm all other orders of the superior court.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Patisserie operated a commercial bakery that sold bread to another company, Strictly from Scratch ("SFS"), which in turn supplied bread to Walmart.  In May 2014, Walmart discovered that 75 pallets of Patisserie's bread, delivered by SFS, were contaminated by metal flakes. SFS paid Walmart $240,084 to settle the resulting dispute ("Walmart Settlement").

¶3         In June 2014, SFS sued Patisserie for negligence and breach of contract ("Underlying Litigation").  SFS claimed losses for the Walmart Settlement and additional costs incurred to replace the bread.  In 2015, the superior court entered verdicts in favor of SFS and against Patisserie for $674,000 in damages and $514,645 in fees and costs.  Later, SFS seized assets from Patisserie's bakery to partially satisfy the judgment.

*Current Lawsuit*

¶4         In 2014, Patisserie filed a liability insurance claim with its insurance provider, Truck Insurance, arising out of the Underlying Litigation ("Third-Party" claim).  Truck Insurance denied coverage and refused to defend the Underlying Litigation, claiming that SFS was not seeking damages covered under Patisserie's policy.  Patisserie reasserted its claim in 2015 but Truck Insurance, again, denied coverage.

¶5            In 2016, Patisserie filed a separate property claim relating to unsold bread contaminated by metal shavings, and various consequential damages ("First-Party" claim).  The First-Party claim eventually included a proof of loss with schedules of damages.  Schedule A included a $1,074,370 "loss that would have been incurred if the first-party claim was promptly adjusted and paid."   Schedule B included $8,728,169 of actual losses.  Schedule C included $98,940,884 in damages allegedly caused by the purported breach of the insurance contract.  Truck Insurance denied coverage.

¶6            In March 2016, Truck Insurance sought a declaratory judgment confirming that it had no duty to defend or indemnify Patisserie in the Underlying Litigation.  Patisserie counterclaimed for breach of contract, bad faith, and punitive damages.  Patisserie also included a claim for negligence against its insurance agent, Kara Anspach.

*2017 and 2018 Motions for Summary Judgment*

¶7            Between 2017 and 2018, the parties filed four motions for summary judgment.  The superior court delayed some of the briefing after Patisserie sought Rule 56(D) relief and an "opportunity to complete discovery as to [Truck Insurance's] knowledge of the underlying facts in" the Underlying Litigation.  After briefing concluded, the court heard oral argument and issued a ruling in July 2018 ("2018 MSJ Order").

¶8            Regarding the Third-Party claim, the superior court held that Truck Insurance did not have a duty to defend or indemnify Patisserie in the Underlying Litigation.  The court assumed that Third-Party coverage would exist "regarding damage to Walmart's products (i.e., sandwiches made using the non-conforming bread)."  But the court held that it could not find competent evidence that the jury in the Underlying Litigation awarded damages for discarded sandwiches.

¶9            Regarding the First-Party claims, the court denied most of Truck Insurance's motion, holding that disputed issues of fact existed regarding possible claims arising from damage to Patisserie's property from defective bread pans.  But the court also held that Patisserie did not offer "admissible evidence to support its burden regarding whether coverage extended to" its Schedule B & C damages and granted Truck Insurance summary judgment on those claims.

*2019 Motions for Summary Judgment*

3

¶10        The parties asserted renewed summary judgment motions in 2019.  Patisserie also sought reconsideration of the 2018 MSJ Order based on newly discovered evidence.  The court heard argument on all the motions and issued a ruling in June 2019 ("2019 MSJ Order").

¶11        The court granted Truck Insurance summary judgment on: (a) Third-Party claims for bad faith, (b) promissory estoppel, (c) reasonable expectations of coverage beyond the policy, and (d) punitive damages.  The court also held that only Patisserie, not its individual officers, could pursue claims against Truck Insurance because the corporate officers were not parties to the insurance agreement.  The court, again, denied Truck Insurance's motion for summary judgment regarding First-Party claims.

¶12        Regarding the motion for reconsideration, the court found that Patisserie "did not show that it could not earlier obtain the newly-discovered evidence with reasonable diligence."  But the court also addressed the merits.  The court found that none of the newly discovered evidence was admissible to establish that Walmart sought payment from SFS for destroyed sandwiches—thus, SFS's damages in the Underlying Litigation arising from the Walmart Settlement were not covered.

*Trial and Post-Trial*

¶13        The First-Party claims were tried to a jury in September 2019.  After a 13-day trial, the jury found in favor of Truck Insurance on the issue of bad faith but found in Patisserie's favor on the breach-of-contract claim.  The jury awarded $6,296,753.76 in damages.  The jury also found against Anspach (the insurance agent) on Patisserie's negligence claim, awarding $2,616.80 in damages.[1]  The court denied both parties' requests for attorney fees but awarded Patisserie $33,143.77 in costs.

¶14        In May 2020, the court denied Truck Insurance's motions for directed verdict but ordered a new trial on the issue of contract damages.  Patisserie timely appealed and Truck Insurance cross-appealed.  This Court has jurisdiction under A.R.S. § 12-2101(A)(1) and (A)(5)(a).

**DISCUSSION**

¶15        In this appeal we address: (1) summary judgment on Third-Party coverage for sandwich damages (and related claims), (2) the new trial order on First-Party damages, (3) Truck Insurance's denied motion for a

---

[1]        Anspach and Patisserie settled after trial and Anspach is not a party to this appeal.

4

directed verdict on First-Party coverage, and (4) the denial of Truck Insurance's request for attorney fees.

## I.    Third-Party Coverage and Sandwich Damages.

**¶16**         Patisserie appeals the superior court's grant of summary judgment to Truck Insurance on the issue of whether it had a duty to investigate, defend, and indemnify the Underlying Litigation.  Patisserie also appeals the related issues of promissory estoppel, a "2018 claim," the dismissal of Patisserie's officers, punitive damages, and attorney fees.

**¶17**         We review a grant of summary judgment de novo.  *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195 (App. 1990).  Summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense."  *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).  "We view the evidence and reasonable inferences in the light most favorable to the non-moving party."  *Aranki v. RKP Invs., Inc.*, 194 Ariz. 206, 208, ¶ 6 (App. 1999) (as corrected).  But we will affirm the grant of summary judgment if the trial court was correct for any reason.  *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 7 (App. 2010).

**¶18**         "To succeed on a motion for summary judgment, the [movants] need only demonstrate an absence of evidence for an essential element of the complaint."  *Aranki*, 194 Ariz. at 209, ¶ 12.  Evidence used to oppose summary judgment "must be based on personal knowledge and must be admissible at trial."  *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981); *Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co.*, 174 Ariz. 72, 81 (App. 1992); *see* Ariz. R. Civ. P. 56(c)(5); *see also Jabczenski v. S. Pac. Mem'l Hosps., Inc.*, 119 Ariz. 15, 18 (App. 1978) (noting a trial court should not consider hearsay in addressing a motion for summary judgment).  We will uphold a trial court's ruling regarding the admissibility of evidence in summary judgment proceedings absent an abuse of discretion.  *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997).

### A.    Duty to Indemnify the Underlying Judgment.

**¶19**         In the 2018 MSJ Order, the superior court granted summary judgment on Truck Insurance's duty to indemnify.  The court then considered new evidence and arguments presented in the motion for reconsideration.  The court assumed that any damage to destroyed Walmart sandwiches ("Sandwich Damages") were covered under the property damage provision of Patisserie's liability insurance policy.  But the

superior court found no admissible evidence that SFS sought recovery for Sandwich Damages. Without evidence that the judgment in the Underlying Litigation contained a covered claim, Truck Insurance owed no duty to indemnify. *See Nucor Corp. v. Employers Ins. Co. of Wausau*, 231 Ariz. 411, 414, ¶ 11 (App. 2012) (noting "the duty to indemnify arises from proven, adjudicated facts" (quoting *Great Am. Lloyds Ins. Co. v. Mittlestadt*, 109 S.W.3d 784, 786 (Tex. App. 2003)).

**¶20** In opposing summary judgment, Patisserie relied on the testimony of SFS's owner, Rodolfo DePaola, documents he produced, and exhibits admitted during the Underlying Litigation. Patisserie asserts that SFS sought $103,684 in reimbursements for destroyed sandwiches. Truck Insurance objected to DePaola's testimony as hearsay and lacking foundation. *See* Ariz. R. Evid. 602 (requiring that a witness have "personal knowledge of the matter"); Ariz. R. Evid. 802 (precluding hearsay absent an exception). The superior court agreed, finding that DePaola lacked personal knowledge of the disputed damages.

**¶21** The alleged $103,684 for Sandwich Damages arose from SFS's asserted damages for: "Charges Related to Wal-Mart's Disposal Costs: $60,850 [and] Loss of Sales Charges: $42,834." DePaola explained that the figures were "detailed and sent to us by Walmart" and included "the product that Wal-Mart had us withdraw and all the charges that they tacked on, for lack of a better word, for this withdrawal."

**¶22** DePaola admitted at his first deposition that he had "no idea" how Walmart came up with the "Disposal Cost" amount. When asked at his second deposition if he had "personal knowledge as to specifically what [the] figures [were]," DePaola answered that he did not recall. When asked whether the $42,834 "was solely for the destruction of sandwiches," DePaola answered that he was "not sure" and that "[i]t appears not." He admitted "[i]t could have been bread included in that number; just bread, not sandwiches."

**¶23** DePaola also stated several times that he either received information about the damage amounts from Walmart employees or that Walmart would have more information. Critically, DePaola conceded that he did not have personal knowledge of the information Walmart included in its emails, and that several of his statements were just assumptions. *See Allyn*, 167 Ariz. at 195 ("Mere speculation . . . as to the facts will not suffice" to defeat a motion for summary judgment.); *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("It is not enough for a witness to tell all she knows; she must know all she tells.").

¶24        On appeal, Patisserie fails to challenge the superior court's evidentiary finding. We find no abuse of discretion. *See Mohave Elec.*, 189 Ariz. at 301. DePaola's testimony and the Walmart emails are not competent evidence to support a claim that the Underlying Litigation included any covered damages. *See Portonova*, 128 Ariz. at 502; *Villas at Hidden Lakes*, 174 Ariz. at 81-82. Accordingly, summary judgment on this issue was proper.

## B.        Duty to Defend the Underlying Litigation.

¶25        The superior court also granted summary judgment to Truck Insurance on its duty to defend the Underlying Litigation. "[A] liability insurer's duty to defend is separate from, and broader than, the duty to indemnify." *Quihuis v. State Farm Mut. Auto. Ins. Co.*, 235 Ariz. 536, 544, ¶ 27 (2014); *see also* Steven Plitt, *Arizona Liability Insurance Law* § 2.2, at 70-71 (1998) (discussing insurer's duty to defend groundless, false, or fraudulent suits, or if the insured ultimately prevails). But the "duty to defend ordinarily is correlative with [the] duty to pay a judgment which might be obtained against the insured." *Paulin v. Fireman's Fund Ins. Co.*, 1 Ariz. App. 408, 411 (1965) (quoting 7 John Appleman, *Insurance Law and Practice* § 4684, at 448), *abrogation on other grounds recognized by Hagen v. U.S. Fidelity & Guar. Ins. Co.*, 138 Ariz. 521, 524 n.5 (App. 1983). Thus, if the "insurer was correct in its conclusion that there was no coverage then it was not liable to pay the judgment and there was no contractual obligation to defend." *Manny v. Estate of Anderson*, 117 Ariz. 548, 550 (App. 1977). But if the insurer "guesses wrong it must bear the consequences of its breach of contract." *Kepner v. W. Fire Ins. Co.*, 109 Ariz. 329, 332 (1973).

¶26        Here, Truck Insurance was correct. Based on the information presented, Truck Insurance is not required to indemnify Patisserie for the judgment in the Underlying Litigation. Thus, it was not required to defend Patisserie and did not breach that duty. *See Transamerica Ins. Grp. v. Meere*, 143 Ariz. 351, 360 (1984) (noting that when facts "take the case outside policy coverage, there is no duty to defend"). Accordingly, summary judgment on this issue was proper.

## C.        Duty to Investigate the Sandwich Damages.

¶27        Patisserie separately asserts that the superior court erred in granting summary judgment to Truck Insurance on the duty to investigate the insurance claim.

¶28        "An insurance contract is not an ordinary commercial bargain; 'implicit in the contract and the relationship is the insurer's

obligation to play fairly with its insured.'" *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 237, ¶ 20 (2000) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 154 (1986)). When an insurer fails to process a claim reasonably, it breaches the duty of good faith and can be held liable in a bad-faith tort action. *Noble v. Nat'l Am. Life Ins. Co.*, 128 Ariz. 188, 190 (1981). But the duty to investigate is not identical in the first- and third-party contexts. *See Clearwater v. State Farm Mut. Auto. Ins. Co.*, 164 Ariz. 256, 260 (1990) ("[B]ecause the risk to the insured and the responsibilities of the insurer are distinguishable in first- and third-party claims, the applicable standard of conduct is necessarily different.").

**¶29**      In the third-party liability context, insurers first look to the complaint. *See Teufel v. Am. Family Mut. Ins. Co.*, 244 Ariz. 383, 385, ¶ 11 (2018) (noting the duty to defend "generally arises if the complaint filed against the insured alleges facts that fall within the policy's coverage"). "[I]f any claim alleged in the complaint is within the policy's coverage, the insurer has a duty to defend the entire suit . . . ." *W. Cas. & Sur. Co. v. Int'l Spas of Ariz., Inc.*, 130 Ariz. 76, 79 (App. 1981). "[B]ut if the alleged facts fail to bring the case within the policy coverage, the insurer is free of such obligation." *Kepner*, 109 Ariz. at 331 (quoting C.T. Drechsler, Annotation, *Allegations in Third Person's Action Against Insured as Determining Liability Insurer's Duty to Defend*, 50 A.L.R.2d 458, 464 (1956)).

### 1.      Allegations in the Underlying Complaint.

**¶30**      The first issue is whether SFS's complaint in the Underlying Litigation alleged damages covered by Patisserie's policy. In the 2018 MSJ Order, the superior court found that the complaint did not. We agree.

**¶31**      The policy at issue essentially covers Patisserie for "those sums that [Patisserie] becomes legally obligated to pay as damages because of . . . 'property damage' . . . to which this insurance applies." The "insurance applies: (1) To . . . 'property damage' only if: (a) The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory;' and (b) The . . . 'property damage' occurs during the policy period."

**¶32**      The SFS complaint did not allege facts that would result in a covered claim. The six-count complaint asserted breach of contract, unjust enrichment, and three theories of negligence. SFS claimed damages that included the cost to move, store, dispose, and replace the rejected product. Although the complaint also references damages relating to "[d]eductions and offsets Wal-Mart claimed for rejected products," the complaint previously referred to Walmart rejecting the food products (*i.e.* bread) and

refusing to pay SFS because the product was contaminated. There is no suggestion in the complaint that Walmart utilized the contaminated food, thereby damaging its own property, and thus no suggestion of Sandwich Damages or a covered claim.

### 2. No Facts Were Presented to Truck Insurance to Trigger an Investigation.

¶**33** The second issue is whether Patisserie provided sufficient facts outside the underlying complaint to require Truck Insurance to investigate the claim.

¶**34** Facts outside the complaint can change a coverage determination. In *Kepner*, our supreme court held that there is no absolute duty to defend if "alleged facts ostensibly bring the case within the policy coverage but other facts which are not reflected in the complaint plainly take the case outside the policy coverage." *Kepner*, 109 Ariz. at 331; *see Teufel*, 244 Ariz. at 386, ¶ 11 ("The insurer may investigate the matter, however, and refuse to defend based on facts discovered outside the complaint that take the case outside coverage."). Conversely, even if the allegations in the complaint do not bring the suit within the policy, "once an insured makes some factual showing that the suit is actually one for damages resulting from events that fall under policy terms, an insurer has a duty to investigate those facts and provide a defense when indicated." *Lennar Corp. v. Auto-Owners Ins. Co.*, 214 Ariz. 255, 264, ¶ 31 (App. 2007) (citing *U.S. Fid. & Guar. Corp. v. Advance Roofing & Supply Co.*, 163 Ariz. 476, 480 (App. 1989)).

¶**35** Patisserie repeatedly asserts that Truck Insurance's investigator failed to determine what damages Walmart had asserted against SFS before issuing the first denial letter in July 2014. But once the complaint was filed, it was Patisserie's burden to assert facts that would bring the Underlying Litigation within the policy's coverage. *See id.*; *Advance Roofing*, 163 Ariz. at 480; *see also Salvatierra v. Nat'l Indem. Co.*, 133 Ariz. 16, 19 (App. 1982) ("[A]n insurer must be given notice of an amended pleading which would impose a duty to defend, and a failure to give notice will relieve the insurer of liability under the policy."). Patisserie failed to meet that burden.

¶**36** None of the facts alleged in the underlying complaint put Truck Insurance on notice of a claim within the policy coverage. *Supra* ¶ 32. Nor is there evidence in the record that Truck Insurance was aware of any alleged claim for damage to Walmart's property prior to denying

coverage. Truck Insurance's coverage-denial letter notes that "[t]he bread was not accepted by the plaintiff's customer, Wal-mart[,] and was destroyed." Patisserie's 2015 follow-up letter to Truck Insurance did not disclose any new facts or even suggest that the Underlying Litigation included a claim for Sandwich Damages. Without such evidence, Patisserie failed to make a "factual showing" to Truck Insurance that the Underlying Litigation "was actually one for damages" covered by the policy. *See Lennar Corp.*, 214 Ariz. at 264, ¶ 31.

**¶37**        Admittedly, Patisserie provided Truck Insurance additional information over the course of discovery in this lawsuit, *see supra* ¶¶ 19-23, *after* judgment was entered in the Underlying Litigation. There may be a point in time after which an insured can no longer trigger an insurer's duty to investigate. *See Ventana Med. Sys. Inc. v. St. Paul Fire & Marine Ins. Co.*, 709 F.Supp.2d 744, 754 (D. Ariz. 2010) ("Where an insured has not made some factual showing, and an insurer has not investigated, it is simply not reasonable to consider additional information at a later time to determine whether there has been a breach."), *aff'd*, 454 F. App'x 596 (9th Cir. 2011).[2] We need not decide this issue here because Patisserie failed to produce admissible evidence at summary judgment to confirm that the Underlying Litigation contained a covered claim. *See supra* ¶¶ 20-24. "An insurance company's failure to adequately investigate only becomes material when a further investigation would have disclosed relevant facts." *Aetna Cas. & Sur. Co. v. Superior Court*, 161 Ariz. 437, 440 (App. 1989) (finding summary judgment appropriate for insurer on first-party bad-faith claim). Without a covered claim, Patisserie cannot establish that Truck Insurance breached its duty to investigate and thus summary judgment was appropriate. *See Advance Roofing*, 163 Ariz. at 481 (affirming summary judgment on duty to investigate when insured "did not come forward and appropriately demonstrate that the [underlying plaintiff] was seeking damages within the coverage of" the insured's policy); *cf. Lennar Corp.*, 214 Ariz. at 265, ¶ 33 (noting that insured's factual showing triggering the duty to investigate was "more than speculation").

---

[2]        In *Advance Roofing*, we noted that the Minnesota Supreme Court's "formulation of the insurer's duty to investigate [was] sound." 163 Ariz. at 480 (citing *Johnson v. Aid Ins. Co. of Des Moines, Ia.*, 287 N.W.2d 663, 665 (Minn. 1980)). The Minnesota Supreme Court subsequently held there was no breach of the duty to investigate "beyond the four corners of the complaint" when an insured failed to inform its insurer of facts learned during discovery in the underlying litigation. *Garvis v. Emp'rs Mut. Cas. Co.*, 497 N.W.2d 254, 258-59 (Minn. 1993).

### 3. No Independent Duty to Investigate.

**¶38** Finally, Patisserie argues that Truck Insurance had an independent duty to investigate facts beyond the complaint. This argument fails. In *Advance Roofing*, the insured argued the insurer had a duty to investigate the factual basis of the complaint's allegations before declining to tender a defense. 163 Ariz. at 480. We disagreed, concluding that the insured failed to present evidence demonstrating that the underlying plaintiff had sought property damages in its breach-of-contract claim. *Id.* at 481. Patisserie cites no Arizona authority, and we are aware of none, creating an independent duty for a third-party insurer to investigate beyond a complaint, absent the factual showing required by *Lennar Corp.* and *Advance Roofing*. *Cf. Labertew v. Chartis Prop. Cas. Co.*, 363 F. Supp. 3d 1031, 1046-48 (D. Ariz. 2019) (reviewing Arizona law and holding "[a]dditional investigation was not required to deny coverage" when complaint did not assert covered claim and other evidence "did not contradict this assertion").

**¶39** In sum, Patisserie presented no facts from which a reasonable jury could conclude that Truck Insurance violated the duty to investigate. The court did not err in granting summary judgment to Truck Insurance on this issue.

### D. Promissory Estoppel.

**¶40** Patisserie also appeals the 2019 MSJ Order rejecting its promissory estoppel claim. Patisserie alleged that one of Truck Insurance's adjusters promised Patisserie's owner that she would review Walmart's damage documents for potential coverage. The court held that promissory estoppel was not available because the parties had an express contract on the subject.[3] We agree.

**¶41** "Promissory estoppel provides an equitable remedy and is not a theory of contract liability." *Double AA Builders, Ltd. v. Grand State Constr.*, 210 Ariz. 503, 511, ¶ 45 (App. 2005). But "[t]here can be no implied contract where there is an express contract between the parties in reference to the same subject matter." *Chanay v. Chittenden*, 115 Ariz. 32, 35 (1977); *see also Bowman v. Honeywell Int'l, Inc.*, 438 F. App'x 613, 615 (9th Cir. 2011) ("Arizona law prohibits an action based on the promissory estoppel theory

---

[3] The court noted that the affidavit on which Patisserie relied conflicted with the affiant's prior deposition testimony and that the asserted promise was insufficiently definite to support a promissory estoppel claim.

of liability if there is an express, written contract on the same subject matter.").

¶42    Here, the parties had an express written contract. The insurance contract contained certain duties to investigate. The adjuster's alleged promise was part of Truck Insurance's contractual investigation duties. The superior court found no admissible evidence that Truck Insurance breached its contract and we affirm that decision. *Supra* ¶¶ 19, 24, 39. Patisserie cannot use promissory estoppel to end run this conclusion.

### E.    Duty to Indemnify the "2018 Claim."

¶43    In July 2018, counsel for Patisserie sent SFS an inquiry regarding the outstanding judgment from the Underlying Litigation. SFS responded by emailing counsel for both Patisserie and Truck Insurance that Patisserie owed SFS approximately $1.6 million and asserted a lien on any proceeds or settlement in the lawsuit to satisfy the unpaid portion of the judgment in the Underlying Litigation. In December 2018, Patisserie sent the email to Truck Insurance, asserting that it constituted a new Third-Party claim.

¶44    In 2019, Patisserie moved for summary judgment regarding coverage for the alleged claim set forth in the July 2018 email ("Patisserie's 5th MSJ"). At oral argument, Patisserie's counsel admitted to the superior court that the motion did not raise a new "claim" against Truck Insurance and that the asserted damages were the same as the ones encompassed in the 2018 MSJ Order. Counsel asserted the motion was filed as a precautionary measure in the event the court denied the motion for reconsideration of the 2018 MSJ Order. The superior court found that "[i]n essence, it is the same argument that [] Patisserie raised in its motion for reconsideration" and denied Patisserie's 5th MSJ. Patisserie appeals this order.[4]

¶45    As we addressed earlier, the superior court granted summary judgment to Truck Insurance on Patisserie's suit for breach of contract and denied Patisserie's motion for reconsideration. The court noted Patisserie's 5th MSJ raised the same argument as its motion for reconsideration of the 2018 MSJ Order. We agree with that assessment. *See Hegel v. O'Malley Ins.*

---

[4]    Truck Insurance did not address this issue in its answering brief. In our discretion, we decline to regard this as a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

*Co.*, 117 Ariz. 411, 412 (1977) (holding that a motion should be considered according to its substance, rather than its title). We review the court's denial of a motion for reconsideration for an abuse of discretion. *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009). Patisserie does not cite, and we are not aware of, any authority for its position that an insured can resurrect a claim for breach of an insurance contract after summary judgment has been granted to the insurer. The superior court did not abuse its discretion.

### F. Remaining Third-Party Issues.

**¶46** Patisserie appeals several ancillary Third-Party rulings, including the dismissal of punitive damages claims, claims asserted by the individual officers, and a claim for attorney fees**.** These arguments are conditioned on the reversal of the superior court's summary judgment order. Because we affirm, we need not consider these issues.

## II. New Trial Order.

**¶47** Patisserie also appeals the court's order granting Truck Insurance a new trial on the issue of contract damages.

**¶48** We review a ruling on a motion for new trial for an abuse of discretion. *Android Supply Co. v. Elec. Mut. Liab. Ins. Co.*, 112 Ariz. 385, 389 (1975). Although trial courts must "sparingly exercise discretion in modifying a jury's verdict, we recognize that a trial judge plays a role akin to a 'thirteenth juror' (a ninth juror in a civil case) when ruling on a motion for new trial, including motions based on excessive or insufficient damages." *Soto v. Sacco*, 242 Ariz. 474, 478, ¶ 8 (2017) (quoting *State v. Fischer*, 242 Ariz. 44, 49, ¶ 14 (2017)); *see also Reeves v. Markle*, 119 Ariz. 159, 163 (1978) (noting trial judges have "a special perspective of the relationship between the evidence and the verdict which cannot be recreated by a reviewing court from the printed record"). Because of a trial judge's unique position to prevent unjust verdicts "we grant significant latitude to trial courts in ruling on new trial motions." *Soto*, 242 Ariz. at 478, ¶ 8. A court may grant a motion for new trial when the verdict is "excessive or insufficient," "the result of passion or prejudice," or "not supported by the evidence or is contrary to law." Ariz. R. Civ. P. 59(a)(1)(E), (G), (H).

**¶49** As an initial matter, we conclude that the superior court sufficiently explained its reasoning for granting a new trial. *See Soto*, 242 Ariz. at 480, ¶¶ 14-15 (discussing particularity requirement for a new trial order). "Whenever a new trial order is justified by any of the grounds cited in the order, an appellate court will not disturb the lower court's exercise of its discretion." *Reeves*, 119 Ariz. at 163. Here, the order granting a new trial

states "that the $6.3 million in damages for breach of contract are excessive, not justified by the evidence, and contrary to law." The court noted the award for contract damages was twenty-five times greater than the $250,000 Patisserie's counsel requested during closing argument. The court also noted that counsel did not argue for consequential contract damages.

¶50 The court found a "substantial risk of error because of evidence about the product recall endorsement."[5] The court noted that evidence of the endorsement was relevant for Patisserie's claim for bad faith against Truck Insurance and for the negligence claim against its insurance agent, for failing to offer the endorsement. At trial, when Patisserie introduced testimony of consequential damages, Patisserie intertwined the failure to receive the amounts allegedly owed under the insurance policy with the lack of product-recall coverage. In his closing argument, Patisserie's counsel told the jury that "you can award consequential damages that you find flow from the breach of contract. But we think in this case that it makes more sense to look at the consequential damages and to think about them as to what flows from the bad faith claim." But as the superior court accurately noted, the jury could not award contract damages relating to the recall endorsement because the recall endorsement was not part of Patisserie's insurance policy in 2014. Patisserie concedes the endorsement was not relevant for its breach-of-contract claim against Truck Insurance.

¶51 Patisserie challenges the factual premise of the court's new trial order, asserting that its counsel "asked the jury to award $8,466,677 for the recoverable elements of consequential damages—the 'building, equipment and real property.'" But Patisserie's counsel prefaced its summary of consequential damages to the jury by stating that "when you go to the verdict forms as to both the bad faith claim against Truck and the professional negligence claim against Anspach, these are the elements of damage that we're asking you to consider."

¶52 The superior court's concern that the jury awarded damages based on irrelevant evidence is supported by the record and is a proper basis for a new trial order. *See Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 38 (App. 1996) (as corrected) ("Confusion of the jury is a proper basis for concluding that a verdict 'is not justified by the evidence or is

---

[5] The product recall endorsement was provided by Truck Insurance to Patisserie retroactively in 2016, was not part of the insurance policy in 2014, and provided $100,000 in coverage for expenses incurred for certain product recalls.

contrary to law.'" (quoting Ariz. R. Civ. P. 59(a)(8) (1996))). The court did not abuse its direction.

### III.     Truck's Motion for Directed Verdict.

¶53     Truck Insurance cross-appeals the denial of its motion for a directed verdict on Patisserie's First-Party property claim. We review the superior court's ruling de novo. *Dawson v. Withycombe*, 216 Ariz. 84, 95, ¶ 25 (App. 2007).

¶54     The superior court denied Truck Insurance's motions for summary judgment on the First-Party claim in both the 2018 and 2019 MSJ Orders. During trial, Truck Insurance moved for a directed verdict and for judgment as a matter of law. The court denied these motions. After the jury's verdict, Truck Insurance renewed the motions, the court heard argument, and again denied the motions.

¶55     On appeal, Truck Insurance raises three issues: (A) the applicability of policy exclusions, (B) claims under the product recall endorsement, and (C) the availability of consequential damages absent a finding of bad faith.

### A.     Directed Verdict Under the Policy Exclusions.

¶56     First, Truck Insurance asserts that damage to Patisserie's bread was not covered by the insurance policy because the claim was subject to a policy exclusion. The interpretation of an insurance contract is a question of law reviewed de novo. *First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 218 Ariz. 394, 397, ¶ 8 (2008). "[T]he insurer bears the burden to establish the applicability of any exclusion." *Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, 46, ¶ 13 (App. 2000). When two risks constitute concurrent proximate causes of an accident, the insurer is responsible for coverage if the policy covers one of the causes, even if the other cause is subject to a policy exclusion. *See Scottsdale Ins. Co. v. Van Nguyen*, 158 Ariz. 476, 477-79 (App. 1988); *see also* Steven Plitt, *Arizona Liability Insurance Law* § 1.16, at 49 (1998). Arizona recognizes contract provisions limiting concurrent causation. *Millar v. State Farm Fire & Cas. Co.*, 167 Ariz. 93, 97 (App. 1990); *see also Liristis v. Am. Family Mut. Ins. Co.*, 204 Ariz. 140, 144, 146, ¶ 23 (App. 2002) (as amended) (noting policy's inclusion of a "concurrent causation" clause). But "[a]bsent limiting language in the policy . . . [an insured] is entitled to recover if a [covered event] was the proximate cause of his loss, even 'though there may have been other contributing causes.'" *Koory v. W. Cas. & Sur. Co.*, 153 Ariz. 412,

414 (1987) (quoting 5 John Appleman, *Insurance Law and Practice*, § 3142, at 445 (1970)).

¶57            Patisserie's insurance policy included several exclusion sections.  One section excluded losses "caused by or resulting from . . . (1) Wear and tear; (2) Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; . . . (7)(c) Marring or scratching." (collectively "Wear and Tear Exclusions").  Truck Insurance asserts that these exclusions apply, arguing any damage to Patisserie's bread resulted from wear and tear to the bread pans.[6]  We assume, without deciding, that the Wear and Tear Exclusions apply to the facts of this case. *Cf. Meridian Leasing, Inc. v. Associated Aviation Underwriters, Inc.*, 409 F.3d 342, 353 (6th Cir. 2005) (discussing ambiguity of "wear and tear" exclusions).  A separate section of the insurance policy contains a "concurrent causation" clause that excludes coverage for damages "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."  But the concurrent-causation clause does not apply to the Wear and Tear Exclusions in Patisserie's policy.

¶58            Truck Insurance's expert's report, admitted into evidence at trial, stated that the aluminum pans "were defectively designed and/or manufactured since they are highly susceptible to producing metal shavings if pulled/dragged across another metal surface that is harder and/or rougher in texture."  The expert also noted that the "visible surface wear/abrasion strongly indicated that the source of the aluminum flakes was the bottom outer surface of the baking pans" caused by "the action of sliding the baking pans onto the mobile pan racks, resulting in abrasion to the metal."

¶59            Because the evidence from Truck Insurance's expert established that any damage to Patisserie's property (the bread) was caused by both a covered cause of loss (the defective design of the pans) and an excluded cause of loss (wear and tear), the damage was not subject to the exclusion. *See Liristis*, 204 Ariz. at 144, 145, ¶¶ 16-17, 21, 22 (concluding that mold damage, caused by water used to extinguish a fire, could be covered under fire coverage even though coverage for loss due to mold itself was

---

[6]      Truck Insurance also briefly asserts that the "faulty workmanship" exclusion applies due to Patisserie's "faulty workmanship" in baking the bread.  The superior court found that "Patisserie's alleged harm to its bread . . . due to the defective pans is not this type of excluded injury."  Truck Insurance asserts the court erred, but did not develop this argument or cite evidence in the record and thus we reject it.

excluded under the policy); *see also Stankova v. Metro. Prop. & Cas. Ins. Co.*, 788 F.3d 1012, 1016-17 (9th Cir. 2015) (holding loss caused by fire and resulting mudslide could be covered, notwithstanding policy's mudslide exclusion). Thus, the court did not err in denying Truck Insurance's motion for a directed verdict on the exclusion issue.

### B.     Product Recall Endorsement.

¶60         Second, Truck Insurance also asserts that the "trial court erred in not entering directed verdict as to the PR Endorsement breach of contract claim." In its answering brief, Patisserie argues it never asserted this claim and that the issue is moot. In its order denying the renewed motion for directed verdict, the superior court noted that the "jury could not award *contract* damages for failing to pay the product recall benefits" and that "Patisserie agreed [it] related only to non-contract tort claims." Indeed, part of the court's reasoning for granting a new trial was its concern that this non-contract evidence impermissibly contributed to the jury's award for contract damages. *See supra* ¶ 50. Given the jury's verdict for Truck Insurance on the bad faith issue, and our decision affirming the court's new trial order on contract damages, *supra* ¶ 52, we conclude this issue is moot.

### C.     Consequential Contract Damages.

¶61         Finally, Truck Insurance argues it was prejudiced by the inclusion of Revised Arizona Jury Instructions ("RAJI") (Civil) Contract 18 (consequential damages). Truck Insurance asserts that consequential contract damages are unavailable as a matter of law in insurance cases and that if the superior court had granted a directed verdict on the issue it "would have avoided the jury's confusion and erroneous award." But we need not reach this question because the superior court vacated that award and ordered a new trial on the issue of contract damages. We affirmed that order. *Supra* ¶ 52. Truck Insurance now asks that we "instruct the trial court as to the appropriate jury instructions" for the new trial. We decline to do so. *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985) (noting that appellate courts should not give advisory opinions or decide issues other than those required to dispose of appeal under consideration); *see also Allen v. Graham*, 8 Ariz.App. 336, 338 (1968) ("Appellate review is circumscribed by the posture of the case in the lower court.").

¶62         We likewise decline to consider Patisserie's eight arguments that Truck Insurance waived this issue through its conduct at the first trial. At a new trial, parties may "make new motions, raise new objections, and

present additional evidence." *Jimenez v. Wal-Mart Stores, Inc.*, 206 Ariz. 424, 427, ¶ 12 (App. 2003) (quoting *United States v. Tham*, 960 F.2d 1391, 1397 n.3 (9th Cir. 1991)).

## IV.    Requests for Attorney Fees.

### A.    Trial.

**¶63**        At trial, both parties sought an award of fees under A.R.S. § 12-341.01.  After considering the history of the case, and the parties' various successes and failures, the court denied both fee requests.  Truck Insurance cross-appeals the denial of its request for attorney fees.  We review the denial of an award of attorney fees for an abuse of discretion. *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570-71 (1985).  "We must uphold the trial court's exercise of its discretion if the record contains a reasonable basis for the court's denial of fees." *Kadish v. Ariz. State Land Dep't*, 177 Ariz. 322, 326 (App. 1993).

**¶64**        We see no abuse of discretion in the court's well-reasoned decision.  However, the court issued its order prior to granting a new trial on the issue of contract damages. *Cf. Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 153 Ariz. 95, 110 (App. 1986) (vacating award of attorney fees when trial court had subsequently granted a new trial on one issue).  The approximately $6 million jury award for Patisserie was an important factor in the court's decision on the fee requests. *Cf. Palmer v. Palmer*, 217 Ariz. 67, 73, ¶ 22 (App. 2007) (vacating and remanding fee award where reversal on an issue had the potential to change the trial court's analysis regarding attorney fees).  Although best practice may have been to seek reconsideration of the court's denial of attorney fees on this basis, Truck Insurance adequately preserved the issue through its initial request for fees. *See Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 580, ¶ 12 n.1 (App. 2003) (noting issue raised and ruled upon was preserved for review).

**¶65**        Accordingly, we vacate the superior court's order denying either party an award of attorney fees and leave the issue open to the court's reconsideration following the new trial.

### B.    Appeal.

**¶66**        Patisserie and Truck Insurance seek an award of their attorney fees incurred in the appeal and cross-appeal under A.R.S. § 12-341.01.  After consideration of the briefing and the issues presented, we exercise our discretion and decline to award fees to either party.

## CONCLUSION

**¶67**        The order denying attorney fees is vacated and that matter is remanded to the superior court for further proceedings consistent with this decision.  All other judgments and orders of the superior court are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA